240 STATE *v.* MASON.

The order overruling the plea of former jeopardy is affirmed.

---

## STATE v. MASON

1. PLEADINGS—INDICTMENT.—The appearance of other words than those required by the Constitution at the end of an indictment are mere surplusage, and not ground for quashing it.
2. APPEAL.—An order overruling a motion to quash an indictment is not appealable.
3. CHARGE—MALICE.—That portion of the charge excepted to amounts to nothing more than saying that malice is implied from an intentional killing, without justification or excuse.
4. IBID.—REASONABLE DOUBT.—That portion of the charge excepted to correctly instructed the jury as to their duty in case they had a reasonable doubt between murder and manslaughter.

Before KLUGH, J., Laurens, July, 1898. Affirmed.

Indictment against Charley Mason for murder. From verdict of guilty and sentence, defendant appeals.

*Mr. W. R. Richey,* for appellant, cites: *Constitution requires indictment to end, "against the peace and dignity of the State:"* Art. V., sec. 31. *Cases reported:* 1 McC., 285, and 27 S. C., 615, *are wrong, and should be overruled. Motion to quash similar to demurrer:* Code, 74. *Oral notice of appeal from order refusing oral demurrer stays further hearing:* 24 S. C., 81. *Law does not presume malice from killing only:* 2 Curtis, C. C., 1. *Malice is implied from use of deadly weapon:* 36 S. C., 487. *Indictment should be quashed because does not contain a count against carrying deadly weapon:* Act of 1897. *Human life being involved, Court will take cognizance of errors apparent on record but not excepted to:* 12 S. C., 89.

*Solicitor Sease,* contra (oral argument).

Feb. 23, 1899.   The opinion of the Court was delivered by
MR. JUSTICE JONES.   Appellant, having been convicted
of murder and sentenced, seeks to reverse the judgment on
the grounds now considered.

1. It is excepted that the Circuit Court erred in refusing
to quash the indictment on the ground that it concluded with
the words "against the peace and dignity of the same State
aforesaid," instead of with the words "against the peace and
dignity of the State," as required in art. V., sec. 31,
of the Constitution.   The motion to quash was prop-
erly overruled.   All the words required by the Con-
stitution are in the indictment, and the additional words
"same" and "aforesaid," may be regarded as surplusage.
*State* v. *Robinson, 27* S. C., 618.

2. After the motion to quash was·refused, appellant gave
notice of intention to appeal, and then objected to pro-
ceeding with the trial until the appeal was disposed of.   He
was ordered to trial.   In the second and third excep-
tions, this ruling is complained of on the ground that
the notice of appeal from the order refusing to quash
the indictment operated as a stay of the proceedings.   The
appellant on the argument very properly did not press these
exceptions.   An order overruling a motion to quash an in-
dictment is not appealable.   *State* v. *Burbage, 51* S. C., 284.

3. It is excepted that the Circuit Judge erred in charging
the jury as follows:   "So, where an act of that kind is done,
where a person is killed, and nothing appears but the fact of
the killing, the law presumes that that is a killing
with malice, and that is what is meant by implied
malice."   The exception is general, and points out
no specific error in the language quoted.   Immediately pre-
ceding the language objected to, which is necessary to ex-
plain it, the Circuit Judge charged these words:   "Malice
implied is the same thing as any other kind of malice.   The
word 'implied' refers to the manner in which the malice is
shown or. proven, and, in general, the law implies or pre-
sumes malice from the intentional and voluntary doing of an

16—54

act that is wrongful, where there is no justification or excuse for the act;" then follows the language complained of. The charge amounted to nothing more than saying that malice is implied from an intentional killing, without justification or excuse.    This exception is overruled.

4. The remaining exception alleges error in charging the jury these words: "If you have a reasonable doubt, as between the fact of his acting under a strong provocation, exciting sudden heat and passion, and the deliberateness which would show malice, give the defendant the benefit of the doubt, and find the lesser rather than the greater." The exception is faulty, in not pointing out wherein there was error.    In the argument, appellant contends that, by this charge, the jury was precluded from rendering any verdict except one for murder or one for manslaughter.    But we can not so hold.    The charge correctly informed the jury as to their duty in case they had a reasonable doubt as between murder or manslaughter, and this charge was immediately followed with instruction, that "if a doubt arises as between any crime at all and his innocence, you are bound to give him the benefit of that doubt, and find him not guilty."

The judgment of the Circuit Court is affirmed, and the case is remanded, in order that a new day may be assigned for the execution of the sentence imposed.