## STATE v. HUGHES.

An Appeal from an interlocutory order, or from rulings made in trial of a criminal case, before final judgment, is premature.

Before Gage, J., Greenville, May Term, 1899. Appeal dismissed.

Indictment for murder against Mattie A. Hughes. From order overruling plea of former jeopardy, defendant appeals.

*Messrs. A. H. Dean, B. M. Shuman, Geo. Johnstone, and*

*McCullough & Martin,* for appellant, cite: *Is this order appealable?* 54 S. C., 234; 36 S. C., 559; 21 A. M. R., 281. *Defendant's plea of former jeopardy should have been sustained:* Secs. 5, 17, 18, 25, 29, art. I., Con. 1895; 11 S. C., 288; 24 S. C., 159, 165; 15 S. W. R., 718; 42 F. R., 587; Crim. Code, 48; 4 L. R. A., 804; 45 Miss., 441; 13 Gratt., 763; 9 Leigh, 623; 26 Ark., 280; 21 L. R. A., 402; 54 Pa. R., 1060; 15 S. W. R., 716; 68 Am. Dec.,219; 36 S. C.,511; 20 S. C., 386; 47 S. C., 171; 50 Ind., 487; 19 Am. R., 719; 14 Ind., 40; 6 S. & R., 577; 55 Ga., 551; 61 N. W. R., 907; 56 Am. R., 235; 37 Id., 466; 30 Id., 90; 21 Id., 507; 31 Id., 31; 61 Am. D., 95; 44 Id., 403; 62 Id., 310; Law Journal, No. 48, p. 563; 47 S. C., 171; 1 Bail., 651; 6 Harris, 103; 40 Ala., 325; 25 Am. R., 524; 30 Id., 93.

*Messrs. Solicitor Ansel, J. A. Mooney* and *Haynsworth, Parker & Patterson,* contra. Mr. Mooney cites: *Ordering mistrial is matter of discretion with Circuit Judge:* 68 Am. D., 215; 16 Am. St. R., 224; 12 Am. D., 547; 75 Id., 456; 72 Id., 195; 1 Id., 168; 32 S. E. R., 305. *What is discretion:* 72 A. D., 195; 9 Wheat., 579; 41 Col., 216; 32 S. E. R., 305; 27 Am. R., 137; 25 Am. St. R., 524; 66 Miss., 537; 120 Ind., 124. *If jury discharged by Circuit Judge because of inability to agree, there is no former jeopardy:* 54 S. C., 234, 282.

March 8, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. The defendant was indicted for the murder of her husband. A true bill was found on the indictment at the March term, 1899, and a trial had at the same time. The record was handed to the jury some time in the afternoon of Saturday, the 25th of March, 1899. During the night time said jury demanded of the bailiff who had them in charge that they be discharged because they could not agree. On Sunday morning, the Circuit Judge presiding at the trial, Judge D. A. Townsend, came

into Court and directed that counsel for the State and defense be summoned. State attorneys waived an attendance. Hon. A. H. Dean, the senior counsel for the defense, came into Court. Some reference was made to the absence from the Court room of the defendant, Mrs. Hughes, at this time. Leave to be so absent had been procured from the Circuit Judge after the jury retired to the jury room on Saturday afternoon. The Circuit Judge announced that the jury would be brought into the Court room. When the jury appeared and stated that they had not agreed upon a verdict, and when interrogated by the Circuit Judge as to their ability to reach a verdict, by their silence they manifested their inability to do so. Thereupon the Circuit Judge ordered a mistrial. The record was given up by the foreman of the jury to the clerk of Court, and these words written on the record by this officer: "Record returned; mistrial ordered, March 26th, 1899, Jno. Cureton, C. C. P."

At the May term, 1899, of the Court of General Sessions for Greenville County, upon the call of the case by his Honor, Judge Gage, the defendant interposed a special plea in bar of the further prosecution upon the two grounds that when Judge Townsend ordered a mistrial on 26th March, 1899, in the absence from the Court room of the defendant, such order, under art. I., sec. 17, art. I., sec. 18, and art. I., sec. 25, of our State Constitution, operated to discharge this defendant from any further power in this Court to try her for the alleged murder of her husband for which she was indicted, and also because such Circuit Judge (Townsend), when he so ordered a mistrial, virtually, in law, acquitted the defendant of such alleged murder. There being a disagreement as to the facts which occurred when the mistrial was ordered, affidavits were offered by each side, and after argument, Judge Gage overruled the said special pleas, and the defendant appealed from his order overruling the same. The trial proceeded, resulting in a mistrial again.

The very first question which confronts this Court is that

raised by the State, and this preliminary question may be thus stated: Is an intermediate order made during the trial of a person under an indictment for a crime in the Court of Sessions, and which said intermediate order is deemed prejudicial to the right of the person then on trial, appealable until after sentence shall have been pronounced? This Court, in the two cases of *The State* v. *Sullivan,* 39 S. C., 407, and *State* v. *Stevenson,* 54 S. C., 234, on the grounds as in each of said cases stated, of the gravity of the charge against the defendant, *waived* this question and passed upon the interlocutory orders appealed from. When this Court did meet this issue squarely, in the case of *The State* v. *Burbage,* 51 S. C., 284, it was held that such an appeal was premature. This was the language there used: "It seems to us that this appeal is premature, and for this reason the appeal must be dismissed * * * In the case of *The State* v. *McKettrick,* 13 S. C., 439, it was held that the sentence of the prisoner in the Court of General Sessions is the final judgment from which alone can an appeal be taken. In that case the prisoner had been convicted, but as no sentence had been passed, this Court declined to hear the appeal. The case now under consideration" (just like the case of the appeal now at bar) "is a stronger case than that cited, for *here there is not only no sentence but no conviction*" (italics ours) * * * "It is a bad practice, and generally condemned, to hear appeals by piece-meal, especially in criminal cases; for it is destructive of the prompt administration of justice, which is so essential to the peace of society * * * To allow appeals to be heard from such preliminary rulings, would enable a party charged with the most serious crime always to secure a continuance when otherwise not entitled to it, by simply moving to quash the indictment, and when his motion is overruled, give notice of appeal from such ruling, and thereby stop the trial, as was the case in the present instance." (But not so in the appeal at bar, for three several Justices of this Court refused to allow an appeal from a preliminary order to stay the wheels

of justice.) "Both reason and authority require us to hold that this appeal is premature, and must, therefore, be dis-, missed." We again adopt this language. The appellant seeks to have an opinion from this Court upon the questions made the basis for this appeal. We would do so if it were not for the fact that, if we did, it would be construed as a precedent for other appeals in criminal cases from interlocutory orders or from rulings made during the progress of the trial of a case. We deem it necessary to reprove this practice of appealing in criminal cases from interlocutory orders, or from rulings made during such trials.

It is the judgment of this Court, that the appeal herein be dismissed, but without prejudice to appellant's right to make such similar questions as she may feel advised to present, in case any judgment should ever be recovered against her in this prosecution.