## STATE v. HILL.

No APPEAL lies from refusal of Judge to enter verdict or judgment without verdict on indictment containing two counts, Judge having instructed jury to find verdict of not guilty on first count, jury failing to agree on second, mistrial was ordered.

Before PRINCE, J., Anderson, May, 1905. Affirmed.

Indictment against Dan Hill for breaking and entering a dwelling and larceny. Defendant appeals from refusal to enter verdict by Court.

*Messrs. Martin & Earle,* for appellant, cite: 17 Ency., 925; 22 Ency. P. & P., 844; 33 S. E., 423; 15 Ency. P. &

P., 221; 21 S. C., 11; 32 S. C., 369; 41 S. C., 355; 17 S. C., 2; 4 Waits Pr., 594; 47 S. C., 166.

*Solicitor, Julius E. Boggs,* contra.

June 25, 1906.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The appellant was put upon trial on an indictment containing two counts.   The first count charged the breaking and entering of a dwelliang house with a felonious intent.   The second count charged the larceny of $153.

At the close of the testimony in behalf of the State the defendant made a motion for the presiding Judge to direct a verdict of not guilty as to the first count of said indictment on the ground that there was no evidence whatever of any breaking; after argument the presiding Judge sustained the motion and directed the jury to render a verdict of not guilty as to the first count.

The jury failed to agree upon a verdict as to the second count, and likewise failed to render a verdict of not guilty upon the first count as directed; the inadvertence was not noticed and the clerk of Court noted the order of mistrial.

After the jury was dismissed the defendant's counsel made a motion, "that the formal verdict of the jury be dispensed with and the verdict entered up by the Court; or that judgment of not guilty without the rendition of a verdict be entered in favor of defendant as to said first count."

The motion was refused on the ground that it came too late.

The defendant appealed upon a single exception, which is as follows: "That his Honor erred in not sustaining said motion upon the ground that the formal verdict of the jury can be dispensed with and the verdict entered up by the Court, or that judgment without the rendition of a verdict may be thus entered in favor of a party against whom there is a total failure of evidence, and upon the ground that de-

. fendant has been once in jeopardy upon the charge set forth in the first count of the indictment herein and he cannot again be forced to trial upon the said charge."

It will be observed that there is not only no sentence in this case but no verdict rendered by the jury. The order of the Circuit Court is, 'therefore, not appealable. *State* against *Timmons,* 68 S. C., 258, 47 S. E., 140; *State* against *Hughes,* 56 S. C., 540, 35 S. E., 214; *State* against *Mason,* 54 S. C., 240, 32 S. E., 357; *State* against *Burbage,* 51 S. C., 288, 28 S. E., 937.

It is the judgment of this Court, that the appeal be dismissed, but without prejudice to the right of the appellant hereafter to raise the question as to former jeopardy.