## STATE v. YOE.

INDICTMENT—GAMBLING.—It is not necessary to negative in an indict-
ment charging that defendant "did unlawfully keep and maintain a
house used for purposes of gaming contrary to the statute," games not
only not forbidden, but expressly allowed by statute under the rule
of pleading prescribed by section 56, of Criminal Code.

Before PRINCE, J., Greenwood, Spring Term, 1906.
Reversed.

Indictment against Thomas Yoe and W. S. Yoe. From
order arresting judgment State appeals.

*Solicitor R. A. Cooper,* for appellant, cites: 55 S. C., 356;
35 S. C., 35; 1 McC., 574; 2 Bail., 151.

*Mr. E. G. Graydon,* contra, cites: 9 Ency., P. & P., 769;
42 Tex., 77; Bish. Stat. Crimes, 515; 80 Cal., 253; 2 N.
& McC., 365.

January 17, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendants were convicted in the Court of General Sessions under an indictment which charged that they "did unlawfully keep and maintain a house used for the purpose of gaming * * * contrary to the statute in such case made and provided." A motion to quash the indictment on the ground that it failed to charge any definite offense under the statute was refused, but after conviction, upon reconsideration of the same point, the Circuit Judge arrested the judgment, holding the indictment insufficient. The State appeals.

The statute on which the indictment rests was enacted in 1816 (6 Stat., 27), and is incorporated in the Criminal Code as section 506. It provides, "If any person or persons shall play, at any tavern, inn, store for retailing spirituous liquors, or in any house used as a place of gaming, or in any barn, kitchen, stable or other outhouse, or in any street, highway, open wood, race field, or open place, at any game or games with cards or dice, or at any gaming table commonly called A. B. C., or E. O., or any gaming table known or distinguished by any other letters, or by any figures, or roley-poley table, or at *rouge et noir,* or at any faro bank, or at any other table or bank of the same or the like kind, under any denomination whatsoever (except the game of billiards, bowls, backgammon, chess, draughts or whist, when there is no betting on the said game of billiards, bowls, chess, backgammon, or whist), or shall bet on the sides or hands of such as do game—any magistrate may, upon view or information on oath before him, bind over, to appear at the next Court of Sessions for the county in which play shall be carried on, all and singular the said person or persons, who shall so play or bet, and shall require him or them to give good and sufficient security for his or their appearance thereat; and on his or their failure to give such security, shall commit him or them to the common jail of the

said county; and shall also bind over the keeper or keepers of taverns, inns, stores for retailing spirituous liquors, public places or houses used as such place of gaming, or other public house, to appear at the ensuing Court of Sessions; and every person or persons so playing, or betting on the sides or hands of such as do game, upon being convicted thereof, upon indictment, shall be imprisoned for a period not exceeding twelve months, and shall forfeit a sum not exceeding five hundred dollars, one-half to the use of the State and the other half to the use of the informer, upon the conviction of such offender; and every person so keeping such tavern, inn, retail store, public place or house used for gaming, or such other public house, shall, upon being convicted thereof, upon indictment, be imprisoned for a period not exceeding twelve months, and forfeit a sum not exceeding $2,000 for each and every offense, one-half thereof to the use of the State and the other to the use of the informer."

It will be observed the statute makes it unlawful to play at any of the places therein mentioned certain games, without respect to whether there is betting or not, while it contemplates that playing certain other games at those places shall be unlawful only when there is betting on the game. The charge in the indictment of keeping "a house for the purpose of gaming," was in almost the precise words of the statute, and this is usually sufficient; but it is contended that the indictment should have negatived the idea that the house was not kept for such games as were not unlawful, under the terms of the statute, except when there is betting on the game. The case of *State v. Reynolds,* 2 N. & McC., 365, strongly supports this contention, and if the same strictness as to the form of indictments obtained now as when that case was decided it would perhaps be regarded controlling. It is provided, however, by section 56 of the Criminal Code: "Every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as now required by law, charges

the crime substantially in the language of the common law or of the statute prohibiting the same, or so plainly that the nature of the offense charged may be easily understood; and if the offense be a statutory offense, that the same be alleged to be contrary to the statute in such case made and provided." The nature of the offense charged obviously was keeping a house where such gaming as the statute forbade was carried on, and of this the defendant could not be in the least doubt. It was not necessary to mention and negative in the indictment things not only not forbidden but expressly allowed by the statute, for the defendant could not fail to know these things were not meant.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.