### 6764

### STATE v. BYARS.

APPEAL.—In criminal case appeal after verdict lies only from sentence.

Before GEORGE JOHNSTONE, SPECIAL JUDGE, Richland, September, 1907.   Appeal dismissed.

Indictment against L. F. Byars for murder of. .,. . . . .,. . .,. . . . .,. .,. .,. . State appeals from motion granting new trial.

*Solicitor George Bell Timmerman,* for appellant.   Oral argument.

*Mr. R. E. Carwile,* contra, cites: *Is viewing locus in quo taking evidence?*   122 Cal., 171; 70 Miss., 755; 74 Cal., 570; 2 Bay., 94; 24 La. Ann., 47; 5 Ark., 432; 10 Id., 518; 19 Id., 209; Whar. Cr. Pl. & Pr., 707; 68 Mo., 202; 42 Tex., 44; 3 Pask., 25; 33 Cal., 60; 109 N. Y., 43; 30 Ark., 326; 68 Wis., 530; 103 S. W. R., 780; 13 Atl., 774. *Prisoner should be present:*   36 S. C., 506; 22 W. Va., 800; 20 Ohio, 31; 32 Tex., 430.   *Waiver of right to be present:* 110 U. S., 518.   *This order is not appealable:*   13 S. C., 439; 51 S. C., 284; 56 S. C., 540; 68 S. C., 258; 74 S. C., 415.

February 25, 1908.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   At the September term of the Court of General Sessions for Richland, the defendant, L. F. Byars, was put upon his trial for murder, and the jury found him guilty; whereupon the defendant made a motion for a new trial upon the following five grounds:

1. "Because the evidence does not support the verdict.

2. "Because his Honor erred, as a matter of law, in not directing the defendant to accompany the jury in viewing

the premises and not including in the order that the defendant, as well as his counsel, should accompany the jury.

3. "Because his Honor erred, as a matter of law, in not accompanying the jury to the scene of the alleged difficulty, as that was a part of the trial.

4. "Because his Honor erred, as a matter of law, in asking in the presence of the jury, whether or not the defendant's counsel objected to the jury examining the premises.

5. "It is respectfully submitted that the Court erred in allowing Sheriff Coleman and L. C. Knox, his constable, before either had been sworn as witnesses in the case, to go with the jury to the alleged place of the homicide, the defendant being absent and having no opportunity to cross-examine the said Coleman and Knox as to their statements as to the locality."

His Honor, George Johnstone, Special Judge, in sustaining the motion for a new trial upon these five grounds attaches great importance to so much of them as relates to the absence of the Court and the defendant while the jury, in charge of the sheriff and his deputy were carried to view the *locus in quo* of the homicide.

The question is not only important but very interesting, but we feel ourselves unable at this time to entertain a consideration of the questions now presented. This Court is confined to the consideration of questions presented after a final judgment has been rendered.

This is no new question to this Court, for we have held that a final judgment is essential in the hearing of an appeal. The prisoner has never been sentenced; the sentence is a final judgment. Our cases of *State* v. *McKettrick,* 13 S. C., 439; *State* v. *Burbage,* 51 S. C., 284, 28 S. E., 937; *State* v. *Hughes,* 56 S. C., 540, 35 S. E., 214; *State* v. *Timmons,* 68 S. C., 258. 47 S. E., 140, and *State* v. *Hill,* 74 S. C., 415, so hold.

The judgment of this Court is, that the appeal be dismissed and the case remanded to the Circuit Court for a new trial.