10561

- STATE v. WYATT.

(105 S. E. 704.)

CRIMINAL LAW—OVERRULING PLEA OF FORMER JEOPARDY NOT APPEALABLE AFTER MISTRIAL.—An appeal after a mistrial from an order overruling defendant's plea of former jeopardy must be dismissed, since there has been no final judgment, and the ruling is not appealable.

Before TOWNSEND, J., Union, September term, 1920. Appeal dismissed.

John R. Wyatt indicted for violation of the prohibition law. From refusal of the presiding Judge to allow the plea of *autrefois acquit,* the defendant appeals.

*Messrs. Sam E. Barron and Macbeth Young,* for appellant, cite: *Autrefois acquit:* 1 Bail. L. 651. *Ban on alcoholic liquors:* Sec. 794 Crim. Code 1912. *Procedure changed by XVIII Amend. Const. U. S. Powers of enforcement being full and equal, prosecution in one jurisdiction is bar to prosecution in the other:* 227 U. S. 309; 100 U. S. 392. *"Twice in jeopardy:"* 16 Corp. Jur., par. 370, p. 239; *Id.,* par. 375, p. 240. *Right to the plea:* 27 S. C. 80; 20 S. C. 392; 65 S. C. 190; 76 S. C. 72. *Defendant may enter plea and have it, and the proof submitted to the jury as an issue of fact:* Const. S. C. 1895, art. I, pars. 5, 17, 18, 25; 76 S. C. 72.

*Mr. Ira C. Blackwood, Solicitor,* for respondent.

January 31, 1921.

The following order was handed down PER CURIAM:

There was a mistrial in this case, and the appeal is from an order of the Circuit Court overruling the defendant's plea of former jeopardy.

The case involves a construction of the Eighteenth Amendment of the United States Constitution. No argument was filed by the solicitor.

As there has not been any final judgment, the ruling of his Honor, the presiding Judge, is not appealable. *State v. Byars,* 79 S. C. 174, 60 S. E. 448, and cases therein cited.

Appeal dismissed.

MR. JUSTICE GAGE did not participate.