### 10536

### STATE v. TURNER

(110 S. E. 525)

1. CRIMINAL LAW—ORDER OVERRULING DEMURRER TO INDICTMENT AND MOTION TO QUASH NOT APPEALABLE, NOT BEING A FINAL JUDGMENT.—An appeal cannot be taken from an order overruling a demurrer to the indictment and motion to quash indictment, since such order is not a final judgment, and such appeal can only be taken from a final judgment.

On Petition for Rehearing

2. INTOXICATING LIQUORS—INDICTMENT NEED NOT ALLEGE THAT DEFENDANT DID NOT COME WITHIN EXCEPTIONS.—Indictment charging violation of Acts 1917, p. 69, § 1, making it unlawful to receive, store, transport, etc., intoxicating liquors, with certain exceptions, need not allege that defendant did not come within the exceptions.

Before MEMMINGER, J., Anderson, February, 1920. Affirmed.

Ralph Turner indicted for violation of the prohibition law and upon conviction appeals.

*Messrs. A. H. Dagnell* and *Greene & Earle,* for appellant, cite: *Person has right to have in possession for personal use one quart*: 30 Stat. 69, Sec. 2. *Until passage of that Act it was not an offense to transport whiskey for personal use*: 96 S. C., 5. *All material facts must be stated in the indictment*: Joyce indictments, Sec. 246; 10 Enc. P. of P., 473; 32 S. C., 123; 22 Cyc., 343; Crim. Code 1912, Sec. 83; 14 R. C. L., 174. *Indictment applicable to two offenses without specifying which is bad*: 58 N. H., 348; 1 Moody C. C., 158; 22 Cyc., 295.

*Messrs. Kurtz P. Smith, Solicitor, and John M. Daniel, Asst. Atty. Gen.,* for respondent. *Mr. Daniel* cites: *Not necessary to negative in the indictment things not forbidden*: 76 S. C., 49. *Indictment sufficient*: Crim. Code 1912, Sec. 83.

February 10, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

It does not appear from the "case" that there has been a final judgment from which alone an appeal may be taken. The appeal is therefore premature, and for that reason it is dismissed. *State v. Byars,* 79 S. C., 174, 60 S. E., 448, and cases cited.

Appeal dismissed.

## ON PETITION FOR REHEARING

MR. CHIEF JUSTICE GARY: This is a petition for a rehearing.

The defendant was indicted for a violation of the prohibition law, in that he willfully and unlawfully did transport

and convey from one point to another within this State and county alcoholic liquors, to wit, whiskey, against the form of the statute in such cases made and provided. Upon the call of this case for trial, the appellant, by his attorneys, demurred to the indictment, and moved to quash the same upon the following grounds:

"(1) Because the indictment failed to state facts sufficient to constitute an offense, in that it failed to allege that the whiskey alleged to have been transported by defendant was of a greater quantity than one quart, or had been illegally sold or procured, and known by the defendant to have been so sold or procured, or that said whiskey was otherwise contraband.

"(2) Because the indictment was too vague and indefinite, in that it failed to allege and advise defendant upon what provision of the prohibition laws he was to be tried—whether he was to be tried for transporting whiskey that has been to his knowledge illegally sold or procured, or was otherwise contraband whiskey."

The demurrer and motion to quash the indictment were overruled by the Court, and the defendant appealed. The record showed that the appeal was from the order overruling the demurrer, and the motion to quash the indictment. When the case was heard on appeal by this Court it dismissed the appeal, on the ground that it was premature, as there has not been a judgment from which alone an appeal may be taken.

Permission was granted the appellant's attorney to show that the jury rendered a verdict of guilty, and that the appeal was from the sentence imposed by the Court.

The exceptions assign error only in overruling the demurrer and the motion to quash the indictment.

Section 1 of the Act of 1917, p. 69, is as follows:

"It shall be unlawful for any person, firm, corporation or company to receive, store, keep or have in possession,

or to ship, transport or convey any alcoholic liquors from any point without the State into this State, or from one point to another in this State, or to deliver the same to any person, firm, corporation or company within this State, except as hereinafter provided."

It was not incumbent on the State to allege that the defendant did not come within the proviso. *State v. Barden,* 64 S. C., 206, 41 S. E., 959. *State v. Yoe,* 76 S. C., 46, 56 S. E., 542.

The appeal is therefore dismissed, and the stay order revoked.