## 14832

STATE v. McMILLAN
SAME v. HARLEY
SAME v. WIDEMAN

*Messrs. Searson & Searson,* for appellants,

*Mr. Randolph Murdaugh, Solicitor,* for the State,

March 7, 1939.

The opinion of the Court was delivered by Mr. Chief Justice Stabler.

The following facts appear: At the Court of General Sessions for Allendale County, convened on October 17, 1938, indictments were presented to the grand jury charging the defendants, respectively, with violations of various

sections of the Code of 1932, and true bills were found thereon, to wit: "H. C. McMillan, Sheriff, one indictment for violation of Section 1510 (two counts), and one indictment for violation of Sections 1512 and 1513. Louis Harley, Probate Judge and Ex Officio Master, one indictment for violation of Section 1510 (two counts), and one indictment for violation of Section 1527 (two counts). J. A. Wideman, County Treasurer, violation of Section 1525 (two counts)."

Counsel for defendants thereupon moved to quash the indictments on the grounds that they were acted upon and true bills found thereon by a grand jury not legally qualified to pass upon same, for the reasons stated in the motions. From an order of the Circuit Judge refusing to quash, notice of intention to appeal was immediately given and a stay of the trial was allowed.

Counsel for defendants thereupon moved to quash the indictments on the grounds that they were acted upon and true bills found thereon by a grand jury not legally qualified to pass upon same, for the reasons stated in the motions. From an order of the Circuit Judge refusing to quash, notice of intention to appeal was immediately given and a stay of the trial was allowed.

It is clear that the appeal, not being from a final judgment, under our decisions is premature and should be dismissed for that reason. In *State v. Burbage*, 51 S. C., 284, 287, 28 S. E., 937, 938, the Court said: "It is a bad practice, and generally condemned, to hear appeals by piecemeal, especially in criminal cases; for it is destructive of the prompt administration of justice, which is so essential to the peace of society. Besides, it leads to an unnecessary consumption of the time of this Court, which could be much better employed than in considering or determining questions which may never become of any practical importance in a given case. If the defendant should be acquitted, then, of course, all the questions presented by the motion to quash

the indictment and the so-called plea in abatement would lose all practical importance, and their consideration would become a work of supererogation. If, on the other hand, he should be convicted, we see no reason why all these questions could not be raised on appeal from the final judgment. But a still better reason may be given: To allow appeals to be heard from such preliminary rulings would enable a party charged with the most serious crime always to secure a continuance, when not otherwise entitled to it, by simply moving to quash the indictment, and, when his motion is overruled, give notice of appeal from such ruling, and thereby stop the trial, as was the case in the present instance. Both reason and authority require us to hold that this appeal is premature, and must therefore be dismissed." See also *State v. McKettrick,* 13 S. C., 439; *State v. Shirer,* 20 S. C., 392; *State v. Mason,* 54 S. C., 240, 32 S. E., 357; *State v. Hughes,* 56 S. C., 540, 35 S. E., 214; *State v. Byars,* 79 S. C., 174, 60 S. E., 448; *State v. Gellis,* 158 S. C., 471, 155 S. E., 849.

In *State v. Hughes, supra,* Mr. Justice Pope, after citing decisions in point, had this to say: "The appellant seeks to have an opinion from this Court upon the questions made the basis for this appeal. We would do so, if it were not for the fact that, if we did, it would be construed as a precedent for other appeals in criminal cases from interlocutory orders, or from rulings made during the progress of a trial of a case. We deem it necessary to uproot this practice of appealing in criminal cases from interlocutory orders or from rulings made during such trials." (56 S. C., 540, 35 S. E., 215.)

No good reason appears, although the questions presented by the appeal are important, why they should be considered at this time, and we think it would be unwise to do so for the reasons stated in the *Burbage* and *Hughes cases.* Furthermore, the appellants can suffer no harm. Upon appeal from any final judgment that may be had, all questions

raised by the demurrer may be made available to them or to any one of them.

It is, therefore, the judgment of this Court that the appeal in each of the cases be dismissed, but without prejudice to the right of the appellant therein to raise all the questions here presented upon appeal by him from any final judgment that may be had in the case.

Appeals dismissed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.