## 19696

Ex parte Bruce MURRAY, a child under the age of seventeen years. In re The STATE, Respondent, v. Bruce MURRAY, Appellant.

(199 S. E. (2d) 718)

C. *Roland Jones, Jr., Esq.,* of Columbia, *for Appellant.*

Messrs. *Daniel R. McLeod, Atty. Gen., Dudley Saleeby, Jr., Asst. Atty. Gen. and George C. Kosko, Asst. Sol.,* of Columbia, *for Respondent.*

September 19, 1973.

*Per Curiam:*

Bruce Murray, a fourteen year old male, the appellant herein, was charged in The Family Court of Richland County with committing the crime of disorderly conduct by the use of obscene or profane language in a public place, in violation of Section 16-558 of the Code, as amended.

When this case came on for a hearing before The Honorable J. McNary Spigner, Judge of the Family Court of Richland County, the appellant moved to dismiss the charge upon the ground that the statute defining the crime of disorderly conduct is vague, indefinite, and overbroad. This motion was refused. The trial then proceeded and after the

taking of all of the testimony, the judge announced, "I am going to find Bruce Murray guilty and withhold disposition." Thereafter, the trial judge issued a written order holding as a matter of law that the appellant was guilty and "disposition is withheld until further order."

The appellant charges the trial judge with error in refusing to hold that Section 16-588 of the Code, as amended, defining the crime of disorderly conduct, is unconstitutionally vague, indefinite and overbroad. We are unable, at this time, to consider the question presented. This Court is confined to the consideration of questions presented after final judgment has been rendered. The appellant has never been sentenced and until he is sentenced there is no final judgment.

It is clear that this appeal, not being from a final judgment, under our decisions is premature and should be dismissed for that reason. Our cases so hold. *State v. McKettrick,* 13 S. C. 439; *State v. Burbage,* 51 S. C. 284, 28 S. E. 937; *State v. Hughes,* 56 S. C. 540, 35 S. E. 214; *State v. Timmons,* 68 S. C. 258, 47 S. E. 140; *State v. Byars,* 79 S. C. 174, 60 S. E. 448; *State v. Turner,* 118 S. C. 383, 110 S. E. 525; and *State v. McMillan,* 189 S. C. 444, 1 S. E. (2d) 626. See also 24 C. J. S. Criminal Law § 1649; and 4 Am. Jur. (2d), Appeal and Error, Section 161. To create finality in criminal cases for purpose of appeal, it is necessary that conviction should be followed by sentence. *Berman v. United States,* 302 U. S. 211, 58 S. Ct. 164, 82 L. Ed. 204.

Appeal dismissed.