The STATE, Respondent v. Robert Gordon MILLER, Appellant.

(346 S. E. (2d) 705)

Supreme Court

Feb. 11, 1986.

## ORDER

Appellant moves for a stay of proceedings in the trial court pending disposition of this appeal. The State moves to dismiss the appeal. The motion for a stay is denied and the appeal is dismissed.

Appellant was convicted by a jury of murder, grand larceny and housebreaking. The trial judge granted appellant's motion for judgment notwithstanding the verdict. The State appealed, and this Court reversed the trial judge's grant of judgment n.o.v. and reinstated the verdicts of guilty on the charges of murder and grand larceny. The Court upheld the dismissal of the housebreaking conviction, and the case was remanded for sentencing. *State v. Miller*, 287 S. C. 280, 337 S. E. (2d) 883 (1985).

On remand, appellant moved to bar the capital sentencing proceeding on double jeopardy grounds. The trial judge denied the motion and this appeal followed.

In South Carolina, a criminal defendant may not appeal until sentence has been imposed. *Parsons v. State,* _____ S. C. _____ , _____ S. E. (2d) _____ (Order dated January 9, 1986);

*State v. Washington,* 285 S. C. 457, 330 S. E. (2d) 289 (1985).[1] Consistent with this rule, an order denying a double jeopardy claim is not immediately appealable. *State v. Wyatt,* 115 S. C. 325, 105 S. E. 704 (1921); *State v. Hill,* 74 S. C. 415, 54 S. E. 614 (1906); *State v. Timmons,* 68 S. C. 258, 47 S. E. 140 (1904); *State v. Hughes,* 56 S. C. 540, 35 S. E. 214 (1900).

Appellant, however, argues that this rule has been overruled by federal decisions which hold that appeals based on double jeopardy grounds involve final judgments that are directly appealable. *Richardson v. United States,* 468 U. S. 317, 104 S. Ct. 3081, 82 L. Ed. (2d) 242 (1984); *Abney v. United States,* 431 U. S. 651, 97 S. Ct. 2034, 52 L. Ed. (2d) 651 (1977).

There is no federal constitutional right to appellate review of a criminal conviction. *Abney v. United States, supra; Estelle v. Dorrough,* 420 U. S. 534, 95 S. Ct. 1173, 43 L. Ed. (2d) 377 (1975). In both state and federal courts the right to appeal a criminal conviction is conferred by statute. S. C. Code Ann. § 14-3-330 (1976); 28 U. S. C. § 1291. In order to exercise his statutory right to appeal, a defendant must come within the terms of the applicable statute. *Abney v. United States, supra.*

The cases cited by appellant are based on 28 U. S. C. § 1291, and have no application to state court appeals. We adhere to our view that under § 14-3-330 (1976) a criminal defendant may not appeal until after sentence has been imposed.

---

[1] See, e.g., *State v. Robinson,* 337 S. C. 204, 337 S. E. (2d) 204 (1985) [trial in absence, appeal prior to sentence]; *State v. Dingle,* 279 S. C. 278, 306 S. E. (2d) 223 (1983) [order committing defendant to Department of Mental Health]; *State v. Hubbard,* 277 S. C. 568, 290 S. E. (2d) 817 (1982) [denial of motion to suppress evidence]; *State v. Parker,* 267 S. C. 317, 227 S. E. (2d) 677 (1976) [denial of motion to quash indictment]; *Ex parte Murray,* 261 S. C. 255, 199 S. E. (2d) 718 (1973) [adjudication of delinquency, but withholding disposition]; *State v. McMillan,* 189 S. C. 444, 1 S. E. (2d) 626 (1939) [denial of motion to quash indictment]; *State v. Gellis,* 158 S. C. 471, 155 S. E. 849 (1930) [overruling demurrer to an indictment]; *State v. Turner,* 118 S. C. 383, 110 S. E. 525 (1922) [denial of motion to quash indictment]; *State v. Mason,* 54 S. C. 240, 32 S. E. 357 (1899) [denial of motion to quash indictment]; *State v. Burbage,* 51 S. C. 284, 28 S. E. 937 (1898) [denial of plea in abatement]; *State v. Hightower,* 33 S. C. 598, 11 S. E. 579 (1890) [appeal prior to imposition of sealed sentence]; *State v. McKettrick,* 13 S. C. 439 (1880) [appeal after conviction, trial judge refused to sentence].

Appellant's motion for a stay of the sentencing proceeding is denied. The appeal is dismissed without prejudice to appellant's right to raise these issues on appeal from final judgment. We express no opinion on the merits of appellant's double jeopardy claim.