43 F.3d 1465
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James B. CARTER, Petitioner-Appellant,
v.
T. Travis MEDLOCK, Attorney General of South Carolina;
Josepha. Wilson, II, Circuit Judge of South
Carolina, Respondents-Appellees.
 No. 93-7221.
 United States Court of Appeals, Fourth Circuit.
 Dec. 9, 1994.
Argued: September 30, 1994.
Decided: December 9, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. William B. Traxler, Jr., District Judge. (CA-93-1471-3-21AK)
 ARGUED: Francis Patrick Hubbard, UNIVERSITY OF SOUTH CAROLINA SCHOOL OF LAW, Columbia, SC, for Appellant. Christine Gantt Hoffman, Assistant Attorney General, State Grand Jury Division, OFFICE OF THE ATTORNEY GENERAL, Columbia, SC, for Appellees. ON BRIEF: Jack B. Swerling, Columbia, SC, for Appellant. T. Travis Medlock, Attorney General, Charles W. Gambrell, Jr., Chief Deputy Attorney General, State Grand Jury Division, OFFICE OF THE ATTORNEY GENERAL, Columbia, SC, for Appellees.
 D.S.C.
 REVERSED AND REMANDED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James B. Carter appeals an order of the district court denying his petition for a writ of habeas corpus to prevent his retrial on a marijuana trafficking charge. We must decide whether a retrial of Carter is barred by the Double Jeopardy Clause. Concluding that it is, we reverse and remand with instructions to grant the writ.
 
 I.
 
 2
 In 1988, in Marion County, South Carolina, Lucius "Billy" Logan was caught selling marijuana to undercover officers. Logan reported to the officers that the marijuana had come from a batch he had been sold by appellant James Carter.[1] Carter was not arrested or charged at that time.
 
 
 3
 Three years later, on July 16, 1991, police discovered a field in Laurens County, South Carolina, where, in several separate plots, 288 marijuana plants were growing. A string of physical evidence led investigators to arrest Carter and an alleged co-conspirator, Barney Culp, the next day. Laurens County is in northwestern South Carolina, nearly the entire breadth of the state away from Marion County, which lies in the northeast between Florence and Myrtle Beach. In short, the Logan and Laurens incidents were quite distinct in both time and place.
 
 
 4
 Culp and Carter's subsequent state grand jury indictment was framed in a very odd fashion. Count I charges:
 
 
 5
 That JAMES B. CARTER and BARNEY LEON CULP did in Marion, Chester, York, Laurens and Lancaster counties from on or about May 1988 to on or about July 15, 1991, knowingly traffick in marijuana in violation of S. C.Code Ann. Section 44-53-370(e)(1)(b) in that JAMES B. CARTER and BARNEY LEON CULP did cultivate, manufacture, distribute, sell and deliver, or did otherwise aid, abet, attempt or conspire with others both known and unknown to the State Grand Jury to cultivate, manufacture, distribute, sell and deliver, or were knowingly in actual or constructive possession of one hundred pounds or more of marijuana, a controlled substance under provisions of S. C.Code Ann. Section 44-53-110 et seq., such conduct not having been authorized by law.
 
 
 6
 Count II picks up the criminal activity on the next day:
 
 
 7
 That JAMES B. CARTER and BARNEY LEON CULP did in Laurens and Chester counties on or about July 16 and 17, 1991, knowingly traffick in marijuana in violation of S. C.Code Ann. Section 44-53-370(e)(1)(b) in that JAMES B. CARTER and BARNEY LEON CULP did cultivate, manufacture or did otherwise aid, abet, attempt or conspire to cultivate, manufacture, or were knowingly in actual or constructive possession or did knowingly attempt to become in actual or constructive possession of more than one hundred marijuana plants, said plants containing a controlled substance under provisions of S.C.Code Ann. Section 44-53-110 et seq., such conduct not having been authorized by law.
 
 
 8
 Thus, although the evidence in the state's hands lent itself to a clear-cut two-count indictment, this indictment put the dividing line between the counts in the middle of the second crime, rather than at its beginning. As a result, the indictment was plainly duplicitous as to the Laurens County[2] marijuana: both Count I and Count II charged the cultivation and possession of the very same contraband. The passage of a day did not create a new possession or a new cultivation, and certainly the discovery of the field by the police did not do so. See State v. Perez, --- S.C. ----, 430 S.E.2d 503, 504 (1993) (characterizing "possession" in the trafficking statute as a "continuing offense"). The prosecutor admitted as much.[3]
 
 
 9
 Culp and Carter moved to force the state to consolidate the counts or elect between them, but the trial court denied the motion. The trial commenced. At the close of the state's case, Culp moved for a judgment of acquittal as to Count I, because he had nothing to do with the Logan sale. The prosecutor, in arguing against the motion, all but conceded the duplicity of the indictment. She asserted that Count I included the acts of planting and cultivating the Laurens County marijuana, inasmuch as the plants had reached a height suggesting that they had been planted in April or May, within Count I's time frame.
 
 
 10
 This argument prompted Culp and Carter to renew their motion to consolidate the counts or force an election between them. The court did strike the allegation of a separate conspiracy in Count II, but left in the duplicate allegations of cultivation and possession of the Laurens County marijuana.
 
 
 11
 Culp was acquitted of both counts. Carter was convicted of trafficking, through simple possession,[4] under Count II. Under Count I, the jury was able to find that Carter had not committed trafficking under several of the count's theories, but it could not reach a verdict on the possession theory. Carter was fined for his Count II conviction, and he has paid his fine.
 
 
 12
 The state now seeks to retry Carter on Count I; Carter asserts that retrial is barred by the Double Jeopardy Clause. He exhausted his state remedies[5] and then brought this action under 28 U.S.C. Sec. 2254 to prohibit a retrial.[6] In accordance with the magistrate's recommendation, the district court denied the writ.
 
 
 13
 Carter appeals.
 
 II.
 
 14
 Count I charges Carter with trafficking by means of, among other things, cultivating and possessing marijuana in Laurens County up to July 15, 1991. He stood trial for and was convicted of cultivating and possessing that same marijuana on the next two days. "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." Brown v. Ohio, 432 U.S. 161, 169 (1977). Conviction of a lesser-included offense ordinarily bars subsequent prosecution for a greater crime. Id.[7]
 
 
 15
 The state emphasizes that its evidence shows two separate violations of the trafficking statute, and two convictions and two punishments may be had. The district court's opinion echoes these sentiments. In the abstract, the state is absolutely right--Carter could, indeed should, have been charged with two offenses. But he was not. He was charged with the "same offense" twice. Not a single additional fact or element beyond those necessary for his Count II conviction need be proved to support a Count I conviction. Thus, the offenses are the same, and subsequent prosecution is barred. United States v. Dixon, 113 S.Ct. 2849, 2856 (1993); Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 16
 Similarly unavailing is the state's representation that it does not intend to introduce evidence of the Laurens County marijuana, at least not as direct evidence of guilt, at a retrial. In arguing for this "flexible" approach, controlled by a forecast of its evidence rather than the charges contained in the indictment, the state relies on United States v. Ragins, 840 F.2d 1184 (4th Cir.1988). Ragins says that
 
 
 17
 the formalistic Blockburger test, with its narrow focus on the technical elements of the offenses charged, is inadequate to vindicate this constitutional guarantee against retrial. The general test for determining whether successive prosecutions involve the "same offense" is therefore a more flexible and pragmatic one, which focuses not on the formal elements of the two offenses but rather on the proof actually used to establish them.
 
 
 18
 840 F.2d at 1188.
 
 
 19
 The state seizes upon this second sentence without reading the first. It promises that its proof will not address the Laurens County marijuana, so we should be flexible and permit a retrial, notwithstanding whether Blockburger is satisfied. Ragins actually said that some successive prosecutions can violate the Double Jeopardy Clause even though they do not run afoul of the Blockburger test.[8] Ragins is no support for the opposite proposition that successive prosecutions can be had notwithstanding a Blockburger violation.[9]
 
 
 20
 Finally, the state's argument cannot overcome the consequences of having already tried Carter for both transactions in Count I. For all we can know, not a single juror may have believed that Carter sold marijuana to Logan in 1988. The hung jury may have resulted from jurors heeding the indictment--which they had in the jury room--and their instructions to consider the cultivation and possession of the Laurens County marijuana under both counts. We cannot permit a retrial where Carter may have been acquitted but for the duplicity of the counts.
 
 
 21
 The judgment of the district court is reversed, and the case is remanded with instructions to grant the writ.
 
 REVERSED AND REMANDED
 
 
 [1]
 Logan's willingness to identify Carter may have been increased by resentment at a bad deal. Logan said that he had paid Carter $1,100 a pound for 100 pounds of "sinsemilla"--a high-quality cultivar of marijuana--but had received 85 pounds of local home-grown marijuana, which he was forced to sell at a loss
 
 
 [2]
 There were also duplicitous allegations of trafficking in Chester County and, as it turned out, no proof of trafficking there
 
 
 [3]
 The prosecutor stated on the record, "I will stipulate that possession is a continuing offense. If you have a parcel of marijuana and you possess it and you move from county A to county B to county C, I will stipulate that you are in possession of one parcel of marijuana and you cannot be charged with multiple offenses for that particular marijuana." The same certainly goes for mere passage of time from day 1 to day 2 to day 3
 
 
 [4]
 South Carolina has an omnibus crime called "trafficking in marijuana," which one may violate in a host of ways
 
 
 [5]
 The trial court twice denied Carter's motions to prohibit further prosecution, and the South Carolina Supreme Court declined interlocutory review, as is its practice. See State v. Miller, 289 S.C. 426, 346 S.E.2d 705, 706 (1986) (state statute creating right of appeal does not extend to interlocutory appeals based on double jeopardy)
 
 
 [6]
 Federal courts do not ordinarily interfere with ongoing state criminal proceedings, Younger v. Harris, 401 U.S. 37 (1971), but claims that further prosecution is barred by the Double Jeopardy Clause provide the chief exception to the rule. Because the Clause applies to the states, Benton v. Maryland, 395 U.S. 784 (1969), and its full protection would be irretrievably lost if it could not be asserted before the occurrence of the subsequent prosecution that it prohibits, Abney v. United States, 431 U.S. 651 (1977), the comity concerns behind Younger must yield to the paramount right of the individual
 
 
 [7]
 There are narrow exceptions to this general rule. See, e.g., United States v. Felix, 112 S.Ct. 1377 (1992) ("multilayered conduct"); Garrett v. United States, 471 U.S. 773 (1985) (conduct not completed at time of first prosecution). The existence of these exceptions was presaged in Brown itself. 432 U.S. at 169 n. 7. The state does not assert that an exception applies here
 
 
 [8]
 We need not decide whether or to what extent this portion of Ragins might be supplanted by Dixon, 113 S.Ct. at 2859-2864 (overruling Grady v. Corbin, 495 U.S. 508 (1990))
 
 
 [9]
 There is authority for this proposition, albeit in circumstances quite unlike those here. In a single prosecution, convictions and sentences on counts that are the "same" under Blockburger are permissible if the legislature intended multiple punishments. Missouri v. Hunter, 459 U.S. 359, 368 (1983). If the "same" offense is charged in a subsequent prosecution, however, the circumstances must satisfy one of the narrow exceptions recognized by the Court, e.g. Felix or Garrett. Moreover, if the previous prosecution ended in an acquittal, the government is precluded from relitigating factual issues resolved in that case. Ashe v. Swenson, 397 U.S. 436 (1970); Garrett, 471 U.S. at 798 (O'Connor, J., concurring)