515 S.E.2d 550

The STATE, Respondent,

v.

Tina Marie CLIFFORD, Appellant.

No. 2967.

Court of Appeals of South Carolina.

Heard Oct. 7, 1998.

Decided March 22, 1999.

Vivian C. Fairbairn, of Donato & Fairbairn, of Charleston, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rappoport, all of Columbia; and Solicitor Walter M. Bailey, Jr. of Summerville, for respondent.

HOWARD, Judge:

The Appellant was convicted in magistrate's court of the offense of operating an uninsured motor vehicle in violation of S.C.Code Ann. § 56–10–270 (1991). After sentencing, she appealed to the circuit court, arguing the evidence was legally insufficient to establish a required element of proof. The circuit court agreed, reversing the conviction, but remanding to the magistrate for further proceedings. The order of remand instructed the magistrate to take evidence on whether notice of cancellation was actually issued by the named insurer prior to the offense. Based upon that information and the evidence from the previous trial, the magistrate was instructed to make a new finding as to guilt.

Clifford appeals from the order remanding for further proceedings, arguing double jeopardy bars a re-trail. The State argues appeal of the order of remand is premature, relying on *State v. Miller*, 289 S.C. 426, 346 S.E.2d 705 (1986). We agree

with Clifford that double jeopardy bars re-prosecution, and reverse the order of remand from the Circuit Court.

## LAW/ANALYSIS

■ Initially, we note the State does not challenge the circuit court's reversal of the conviction grounded upon the insufficiency of the evidence. Consequently, that ruling is the law of the case. *State v. Sampson,* 317 S.C. 423, 454 S.E.2d 721 (1994) (unappealed ruling is the law of the case). Based upon the circuit court's conclusion, this case presents a straightforward question of double straightforward

The controlling authority is *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). In that case the Supreme Court ruled "[t]he double jeopardy clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Id.,* 437 U.S. at 11, 98 S.Ct. 2141. Overruling prior decisions to the contrary, the Court held that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, [and] the only 'just' remedy available for that court is the direction of a judgment of acquittal." *Id.* at 18, 98 S.Ct. 2141. See also *Riddle v. State,* 314 S.C. 1, 443 S.E.2d 557 (1994); *State v. Dasher,* 278 S.C. 395, 297 S.E.2d 414 (1982) (Ness, J., dissenting).

■ We reject the State's argument that appeal of the order is premature. Our supreme court has ruled that a trial court's denial of a double jeopardy claim may not be appealed until the trial court had rendered final judgment in the case. Where sentencing of the defendant remains to be done, there has been no final judgment. *State v. Miller,* 289 S.C. 426, 346 S.E.2d 705 (1986). In the case before us, however, a final sentence was imposed by the trial court at the time of the conviction, a fact which was conceded by the State in oral argument.

The critical distinction between *Miller* and this case is that in *Miller* the conviction was reinstated, and the cause remanded *for the remainder of the first trial,* without prejudice to the defendant's right to appeal after final judgment. In this case there was a sentence imposed after a conviction, and there

was, therefore, a final judgment. The circuit court has attempted to remand *for a second trial,* which is in direct violation of the Double Jeopardy Clause.

■ The distinction between federal appellate procedure and state procedure which our supreme court noted in *Miller* does not require a different result. The *Miller* court merely pointed out that state law controls the appealability of the order, and not federal law. South Carolina Code Ann. § 14–3–330 (1976) limits appellate jurisdiction to a review of final judgments, with narrowly-tailored exceptions not applicable here. It has long been the rule in this state that the sentence is the final judgment in a criminal case, from which appeal may be taken by the defendant in accordance with § 14-3-330. *See State v. Miller,* 289 S.C. 426, 346 S.E.2d 705 (1986) and cases cited therein.

■ The circuit court has only appellate jurisdiction over a judgment from magistrate's court. *State v. Adler,* 278 S.C. 66, 292 S.E.2d 185 (1982). Consequently, the circuit court order in this case constitutes an appellate ruling from a final judgment of the magistrate's court. That ruling is further reviewable by this court.

■ We conclude the order of remand violates the Double Jeopardy Clause. In view of the unchallenged order of the circuit court reversing the conviction based on the legal insufficiency of the evidence, this matter is remanded to the trial court with instructions to enter a verdict of acquittal.

**REVERSED and REMANDED.**

GOOLSBY, J., concurring.

HUFF, J., dissenting in a separate opinion.

HUFF, Judge, dissenting:

On appeal to the circuit court, Clifford asserted the State failed to present sufficient evidence of her guilt, arguing the State already had its opportunity to prosecute the case, and asked that her conviction be reversed. She further asserted the magistrate inappropriately shifted the burden of proof to the defense. The State argued that, should the court decide to take action "favorable to Ms. Clifford," it should remand the

case for a new trial so that the issue of notice could be determined. Clifford again argued the State had its opportunity to prosecute the case and should not be given "two bites at the apple." She requested her conviction be reversed, or the court remand it to magistrate's court for entry of a judgment of acquittal.

Without comment, the circuit court orally ruled he was going to remand the case to the magistrate "to take and consider evidence on whether or not notice of cancellation was actually issued, and then based on that information plus everything from the previous trial ... make a new finding." In his written order, the circuit court judge provided, "Tina Marie Clifford's appeal ... is granted. This case is remanded to the Magistrate to take evidence on whether or not the insurance company actually did issue notice of cancellation."

Clifford argues, pursuant to *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the State is barred by the Double Jeopardy Clause from subjecting her to, in essence, a second trial, where the State failed to present sufficient evidence at the first trial to attain a proper conviction. She asserts the right afforded her by the Double Jeopardy Clause is substantial and, therefore, this court has statutory jurisdiction pursuant to South Carolina Code Ann. Section 14–3–330(2)(b) (1976).[1] I disagree.

South Carolina law is clear. A criminal defendant may not appeal until final judgment. *State v. Robinson,* 287 S.C. 173, 337 S.E.2d 204 (1985). Judgment in a criminal case is not final until sentence is imposed. *Id. See also State v. Williams,* 321 S.C. 381, 468 S.E.2d 656 (1996) (in appeal of State challenging dismissal of criminal charges, criminal defendants' cross-appeals dismissed by Supreme Court because defendants had not been sentenced); *Parsons v. State,* 289 S.C. 542, 347 S.E.2d 504 (1986) (a criminal defendant may not appeal until sentenced); *State v. Washington,* 285 S.C. 457, 330 S.E.2d 289 (1985) (criminal conviction is not final for purposes of appeal until after sentence is imposed, and as long as

---

1. This section provides appellate jurisdiction for correction of errors of law in law cases, and review of "(2) [an] order affecting a substantial right made in an action when such order ... (b) grants or refuses a new trial." South Carolina Code Ann. Section 14–3–330(2)(b) (1976).

sentence remains sealed, no appeal can be taken); *Ex Parte Murray*, 261 S.C. 255, 199 S.E.2d 718 (1973) (where family court judge issued order finding minor appellant guilty, but withheld disposition, there was no final judgment and appeal was dismissed as premature).

In my opinion, the double jeopardy issue is not timely. Notwithstanding that a sentence may have been imposed by the magistrate, Clifford's appeal to the circuit court was "granted" and the case was remanded to take additional evidence. The practical effect of the order from the circuit court is to nullify the trial court's verdict pending receipt of the new evidence and entry of a new finding as to guilt or innocence. The sentence, as well, is effectively nullified. The case, as it presently stands, is not before us as a final judgment. Further, Clifford's aggrievement does not arise unless and until the State, upon remand, proceeds forward with the prosecution. As conceded by the State in oral argument, it is unclear what position the State will take upon remand. The State may very well acquiesce in a motion by Clifford to dismiss based on double jeopardy. It is clear that the issue of double jeopardy has not been ruled upon by either the trial court, or the circuit court sitting in its appellate capacity. Accordingly, I would find this appeal to be premature.

Finally, it is immaterial the issue here involves a double jeopardy claim. Our Supreme Court has specifically ruled that an order denying a double jeopardy claim is not immediately appealable. *State v. Miller*, 289 S.C. 426, 346 S.E.2d 705 (1986). In *Miller*, the appellant argued the rule prohibiting the immediate appeal of such claims had been overruled by federal decisions, which held appeals based on double jeopardy grounds involved final judgments that are directly appealable. The *Miller* court disagreed noting that, in both state and federal courts, the right to appeal a criminal conviction is conferred by statute. Because the federal statutes were inapplicable to state court appeals, the court looked to South Carolina Code Ann. Section 14-3-330 (1976) and adhered to its view that a criminal defendant may not appeal until after sentence has been imposed. Accordingly, the court dismissed the appeal.

In *Miller*, the court refused to allow a double jeopardy claim exception to the rule that a criminal defendant may not appeal until sentence is imposed. Pursuant to Miller, I would find the appeal should be dismissed without prejudice to Clifford's right to raise these issues on timely appeal from final judgment.