Brevaed, J.
lam clearly of opinion, 1st, that court had power to bail; and, 2ndly, that the court ought to have heard and considered the affidavits which were offered; and ought to have decided on the merits of the application after heart-ing and considering the affidavits. 1st, If any ere-. dit is due to the oracles of the English law, Coke and Hale, to which may be added Hawkins and Blachstone, there is no doubt but the Court of King’s Bench, in England, has the power of bailing in all cases whatsoever, and there is as little doubt but our' Court of General Sessions have the same power. The Court of King’s Bench, had the power at com - mon law, and it is not taken away by any statute. This is clearly laid down by Lord Coke, in his comment on the statute, Westm. Primer, (3 Ed. 1 c. 15.) 2 Just. 185, 186. 3 Fin. Abr. 508. 445. This statute forbids bailing in certain cases, by the sheriff, justices of the peace, and others, virtute officii, or by force of the common writ, de hominereplegiando, or de mamteaptione, but it extends not to the Court of King’s Bench, which may bail in any case, even in. *244 high treason, or murder, and as well after a bill found as before. 2 Just. 187. 2 Hale’s P. C. 129. 131. 2 Hawk. 176. 4 Just. 71. Skin. 163. Bulst. 85. 3 Vin. Abr. 510. 4 Blac. Com. 398. No court ought to bail after the party has been convicted ; for the intendment of law in bail, is quod stat. indiferenter, whether the accused is guilty or not. 2 Just. 187, 188. 2nd, The court ought to have considered, and decided on the merits of the case, as contained in the affidavits. It seems to me strange to say that the court had no discretionary power in the particular instance, because the affidavits went to contradict the finding of the jury. This is a distinction I have not met with in any of my researches on this subject in any book of authority, or any other. The objects of most consequence in exercising the power of bailing, I apprehend, ax’© to promote the ends of public justice, and secure the liberty of the citizen.
A man against whom a bill of indictment may be found, for a capital offence, may perchance be clearly innocent; and if his innocence can be made manifest by affidavits submitted to the court, I can see no reason why they ought not to be received, and allowed their proper weight. I admit that the discretionary power of the court may be abused, and that it ought not to be abused. But it may as well be abused in any other instance as this. It is no conclusive argument against the proper use of it, that it may be abused. Lord Holt refused to bail after an indictment for murder, though the evidence *245 upon reading it did not seem sufficient, as it might discourage the prosecution. (1 Salk. 104.) This caution was no doubt very proper and the example may be worthy of imitation; but it does not prove that he was not authorised to bail, but the contrary. It proves too, that affidavits were submitted, and considered by him touching the innocence and guilt of the party indicted. This appears to have been a common practice. It was done in Farrington’s case. (2. Johns. 222.J where where the indictment was for murder, which being removed into the King’s Bench, the prisoner, after pleading not guilty, was bailed, the court being satisfied by sevei'al affidavits, that there was good reason for it. So in Barney’s case. (5 Mod. 323. J And in the case of Lord Molmn, (Skin. 683.J which were also cases of murder, after bills found j and in many others which might be mentioned. I think the motion ought to be granted.
Justice Colcock concurred with Justice Bre-vard.
Nott, J.
In this case, as the judge before whom the motion was made, did not think the grounds for bailing sufficient, I think the motion ought to be discharged. It is one of those cases, in which a judge must be governed by his own discretion; and as no rule can be laid down, by which the discretion of a judge can be governed, his opinion ought to prevail. But as to the general question, I have no doubt but the judges of the court, have the power and right *246 Persons bail? after bill found in a capital case. Blackstone and Hawkins both say, the judges 0f the King’s Bench may admit to bail in all cases, And although it is not particularly said after bill found, yet if this power extends to all cases, there are none to which it does not extend, and it necessarily embraces cases after bill found. It is admitted, that there may be in imperious cases, such as the small pox breaking out in the gaol, its having taken fire, &c. And if it is admitted that a case may exist, the whole question is admitted: for it at once resolves into a question of discretion.
A rule has been attempted to be made, not to admit evidence that goes to contradict the finding of the jury; but suppose a bill was found against a man for murder, and the person said to be murdered, should present himself alive, to the judge, will it be said such testimony cannot be received, because it contradicts the finding of the grand jury ? Suppose a bill for a rape, and upon inspection, the party accused is found to be incapable of committing the of-fence, surely, a judge might bail on such evidence. These are extreme cases, but they are conclusive as to the principle.
Justice Grimes concurred with Justice Nott.
Smith, J.
The general rule is, not to admit to bail after bill found, in capital cases. The case of Lord Mohv.n, indicted for murder, is a high author *247 ity in support of this principle. Holt’s Reports, 84. Salkeld. 104. Also the case of Bing, (Salk, }'in-dieted for murder; after bill found, chief justice Holt, and justice Gould, refused to admit to hail, although the evidence upon the affidavits read, did not seem sufficient to prove him guilty. They thought that “ it was not fit, that the court should declare their opinion of the evidence beforehand; because it must prejudice the prosecutor on one hand, or the prisoner on the other/’ I am of opinion, that it is clearly inadmissible in ordinary cases, and ought to be accompanied by very extraordinary circumstances, so as to admit of little doubt, but the prisoner’s life must be jeopardised before trial, by pestilence, &e. And I am also of opinion, the cases relied on in the books, that say the justices of the Court of King’s Bench, may bail in any case, can, and does only mean, that they have that power before bill found. I also think such a rule would be of dangerous tendency. It would make the opinion and feelings of the judge, the rule by which each case must be governed, and strip it of that uniformity which ought to enter into every rule of law.
I am therefore of opinion that the rule ought te be discharged.