Withers, J.
delivered the opinion of the Court.
It does not appear that the prisoner was brought up for bail under the habeas corpus Act; but the provisions found in the 7th sec. of that Act have nevertheless been appealed to as affording a rule according to which he should have been discharged on bail.
It is too late now to say, since the case of the State v. Hill, that a Judge of the Court of Sessions may not admit to bail even one against whom a true bill has been found for a capital felony. No doubt the power should be exercised with the utmost caution, and it is very probable that it has been much more freely exercised in modern times than by those Judges who lived nearer the time when the habeas corpus was passed.
The 7th sec. of that Act is as follows: “ That if any person who shall be committed for treason or felony, plainly and specifically expressed in the warrant of commitment, upon his prayer or petition in open Court, the first week of the term, or the first day of the sessions of Oyer and Terminer or general gaol delivery, to be brought to his trial, shall not be indicted some time in the next term, sessions of Oyer and Terminer or general gaol delivery, after such commitment, the Justices of the said Court shall, upon motion in open Court, the last day of the term or sessions, set at liberty the prisoner upon bail, unless it appear upon oath that the witnesses for the king could not be produced the same term, &e. — and if such prisoner upon his prayer, &c. shall not be indicted and tried the second term or sessions he shall be discharged from his imprisonment.”
A very prominent object of the habeas corpus Act was to rescue from imprisonment those who had not been lawfully committed to prison, by a short and effectual process in favor of that great constitutional right of an English subject to personal liberty which had long before the Act of Charles the second been recognised and sanctioned in Magna Charta. But the clauses of that Act preceding the 7th denied the writ of habeas corpus to those who were committed on warrant plainly and specifically expressing treason or felony: In such cases the Judges were not empowered to inquire into the truth of the facts contained in such warrant. A further security,, therefore, is to be found in the 7th section, above quoted, against the protracted detention of an innocent man, though committed upon warrant wherein treason or felony be ever so plainly expressed.
1 Brev. 460. 3 Brev. 415.
1 Tred. 242. Dud. 295.
The grand, scope of the Act, therefore, was — 1st. To prevent an illegal imprisonment; and 2d. To restrain a protracted detention, though the commitment were legal m the outset.
It is under the last of these objects that the prisoner here supposes he can range his case.
Supposing the :tnext term” “after the commitment,” to mean in this case the current term during which it appears the prisoner surrendered himself (which is the most liberal construction of the words in his behalf) yet he could not be entitled to bail as matter of right, for either of two circumstances will deprive him of that, in other words, make the said 7th section of the Act inoperative, to wit, first, that he be indicted ; second, if not indicted, yet that it appear, on affidavit, that the witnesses for the State could not be produced at that term. Now whatever may be said in relation to the second obstacle mentioned, the first undeniably did exist. .
The last clause of the 7th sec. of the habeas corpus Act provides for the right of a prisoner to be discharged at the second term after his commitment, provided he be not both indicted and tried. It appears very obvious that this contingency has not yet occurred; the second term has not yet arrived — that has been done which was required fo be done at the first term, on condition of enlarging on bail if it were not; and it would seem obvious also that such was the view of the prisoner upon the proceedings below; for, according to the report, he did not move for his discharge, but only for bail, after pressing for trial and failing in that. If bail had been granted, and we should suppose the prisoner to move for his discharge at the next term, because on his demand the State refuses to proceed to trial, it would seem that in such case he could not be discharged, if we regard the case of the State v. Buyck, reaffirmed by that of the State v. John & Wm. Logan. In those cases the doctrine was affirmed (and it is unquestionably true) that the clause in question does not_apply to those who are not in actual confinement. Regarding these two cases as settling conclusively the point embraced by them, the section under review seems to contemplate the following result, to wit, a prisoner who applies at the first term of the Court of Sessions succeeding his commitment for his trial, and a bill of indictment is preferred against him, by the grand jury, is no longer entitled to invoke anything in the habeas corpus Act, but for any purpose of enlargement on bail he must resort to the general jurisdiction of the Judges of the Courts of Law derived from the Common Law, and well discussed in the case of the State v. Hill, and the State v. Everett & Potter. If, however, he be not indicted and yet refused bail (because for example the State cannot • procure the witnésses at that term) or being indicted is still refused bail upon an appli *279 cation to the general jurisdiction of the Court, in both which cases the prisoner remains in confinement, he will at the next succeeding, that is, at the second term of the Court after his commitment, be entitled to his discharge, if he be not both indicted and tried.
5 Mod. 328, 1696.
6. in time of James n-
Andrews, 64, 1'737-
Modem, 66.
No case has been found in the English practice upon the subject of bail in criminal cases which favors the motion made here. Let us resort to a few examples as an illustration of the course pursued by English Judges in earlier times.
Mrs. Barney's case. — Bill of indictment at the Quarter Sessions for petty treason and murder of her husband. She came in custody and moved for bail. The case was said not to be' within the common rule; but it appearing by affidavit that the prosecution was malicious, and there being nothing done, either upon the indictment or coroner’s inquest, or at the assizes, and the man being dead above a year, she was bailed— (not discharged, nor the indictment quashed.)
King v. Delamere, — the motion was for bail for want prosecution. It was said that the Grand Sessions held at Chester would be regarded as a term, and if the prayer had been there the party might have been bailed; but being made elsewhere (it was Mich, term) he could have no advantage from the prayer there made, though on the first day of the term. It was further determined that though the word in the Act was “ witnesses,” yet the absence of one witness was enough — and that the oath required might be viva voce. The party was bailed — but only on consent of the Attorney General.
The King v. Bell and wife. Felony in stealing goods belonging to the Guardians of the Poor of Canterbury. Two sessions had passed since commitment without trial, though the parties themselves had endeavored to bring it on. They were ordered to bail (not discharged,) Lee, C. J. observing — ■ the principal reason of admitting them to bail was that they might have been tried before, there having been an assize since their commitment; and he said he remembered a similar case, where, on account of delay, the defendant was bailed.
Crosby's case shews conclusively the construction given 1694 in England to the clause under consideration of the habeas corpus Act. Crosby was brought to the bar by habeas corpus, upon a prayer to be discharged or bailedT having entered his prayer the first day of Trinity term last, (this application was in Mich.) and he was indicted for treason at the last term. At the term present he was indicted for the same species of treason, but had never been tried on either of them. It was alleged by Crosby’s counsel that the object of the statute was that no person should be above two terms under the same accusation — and of that opinion was Holt, *280 who said that “ the prayer relates to the commitment, so that the party ought to be tried for the treason for which he is committed within two terms ; and the design'of the Act was to prevent a man's lying under an accusation for treason, &c. above two terms.”
Certainly the habeas corpus Act did not enlarge the liberty of the siibjeet, nor introduce'any new principle; neither arfe its remedial provisions by any means co-extensive with the powers exercised by the King’s Be nch in favor of vindicating the liberty of individuals improperly confined, and this by authority of the common law. But it solved all doubts as to the right of the Judges of the Court of Common Pleas to issue the writ; — -and as to the right of the Judges of the Law Courts to issue the same in vacation. Its provisions are admirable also in enforcing obedience to the writ, promptly and faithfully. But however venerable the statute has become by its intrinsic merits and its incorporation into our fundamental laws in America, it ought not to be imagined that any new immunity has been derived from that quarter; or that it should' operate a general gaol delivery on principles unknown to the common law.
This Court is satisfied that there was nothing in this celebrated Act Which entitled the prisoner in the present case to his discharge ; nor any thing in the cause shewn, considered independent of the Act, which entitled him to bail.
Nevertheless we do not design to foreclose the prisoner from applying again for bail, provided he has any additional cause to exhibit. To this purpose a Judge at Chambers is quite adequate; and perceiving nothing of error in the ruling of the Judge on Circuit, the motion in this case is dismissed.
The whole Court concurred.

Motion refused.