STATE v. TIMMONS.

AN APPEAL by defendant in criminal case, from order setting aside a verdict on motion of State, will not lie except from sentence.

Before BUCHANAN, J., Chesterfield, December, 1901. Appeal dismissed.

Indictment against Henry Timmons.  From order setting aside verdict on motion of State, defendant appeals.

*Messrs. Stevenson & Matheson,* for appellant, cite: *On*

*main question:* 47 S. C., 173; Riley, 273; 13 S. C., 285; 55 S. C., 253.

*Solicitor J. M. Johnson,* contra, cites: *Appeal premature:* 56 S. C., 540; 54 S. C., 234.

March 23, 1904.   The opinion of the Court was delivered by

Mr. Justice Gary.   The defendant was tried under an indictment containing two counts.

The jury rendered the following verdict: "Guilty of the second, not of the first count."   On motion of the solicitor, his Honor, the presiding Judge, granted an order that the verdict be set aside and a new trial had.   The defendant appealed upon the following exceptions:

"I. Because the Court erred in setting aside a verdict of acquittal on the first count, and in ordering a new trial, for the reason that it will subject the defendant to a second jeopardy.

"II. Because it is not competent for the State to move to set aside a verdict of acquittal and for a new trial, because it enables the State to subject the defendant twice to jeopardy for one offense.

"III. Because the acquittal on the first count ended the prosecution as to that count, and no new trial could be granted thereon without the consent of the defendant."

The solicitor raised the objection that the said order was not appealable.   This question has been so recently decided by this Court in the case of the *State* v. *Hughes,* 56 S. C., 540, 35 S. E., 214, that we deem it only necessary to refer to that case to show that the appeal is premature.   The case just cited decides that a defendant in a criminal case cannot appeal except from the final sentence imposed by the Court.

It is the judgment of this Court, that the appeal be dismissed.