21459

Mark E. ROBERTSON, Appellant, v. STATE of South Carolina, Respondent.

(278 S. E. (2d) 770)

*Staff Attorney David W. Carpenter,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen., William K. Moore* and *State Atty. Donald J. Zelenka,* Columbia, *for respondent.*

May 25, 1981.

GREGORY, Justice:

Appellant Mark E. Robertson appeals an order denying him post conviction relief. We reverse and remand.

On February 15, 1979 appellant entered pleas of guilty to three counts of passing fraudulent checks. One of the checks was written for the amount of $54.00. The Court of General Sessions for Pickens County accepted the pleas and sentenced appellant to serve three consecutive two-year terms, one term for each count.

The instant application for post conviction relief asserts the court of general sessions had no jurisdiction to accept the guilty plea and impose the two-year sentence on the count embracing the $54.00 check. Dispositive of this issue [1] is our interpretation of the stat-

---

[1] The State argues, without merit, appellant's failure to raise the jurisdictional issue at trial operates as a waiver of the objection now imposed. It is elementary that lack of subject matter jurisdiction can be raised at any time. *State v. Funderburk,* 259 S. C. 256, 191 S. E. (2d) 520 (1972). The issue is properly before us.

ute conferring jurisdicton, Section 34-11-90, Code of Laws of South Carolina (1976), as it was written at the time of sentencing. That statute, which has since been amended, provided in pertinent part:

"Any person violating any provision of this chapter shall, upon conviction, be punished as follows:

If the amount of the instrument is one hundred dollars or less, it *may be tried* in magistrate's court. If the amount of the instrument is over one hundred dollars, it shall be tried in the court of general sessions or any other court having concurrent jurisdiction." (Emphasis added.)

The use of the term *"may* be tried in magistrate's court" gives rise to a problem of statutory construction. Ordinarily, "may" signifies permission and generally means the action spoken of is optional or discretionary. *State v. Wilson,* 274 S. C. 352, 264 S. E. (2d) 414 (1980). But when the question arises whether "may" is to be interpreted as mandatory or permissive in a particular statute, legislative intent is controlling. *Moore v. Waters, Supt., et al.,* 148 S. C. 326, 146 S. E. 92 (1928); see also 82 C. J. S., *Statutes* § 380.

Section 34-11-90 was amended in 1979 to read as follows:

"If the amount of the instrument is two hundred dollars or less, it *shall* be tried *exclusively* in a magistrate's court." (Emphasis added.) There is no question that, if the present statute had been in effect at the time appellant entered the pleas, the court of general sessions would clearly have lacked jurisdiction of the offense.

An exhaustive review of the legislative history reveals no specific reason for changing "may" to "shall" in § 34-11-90. However, the "Effect of Amendments" annotations to this code section reveal the change in wording "made certain technical corrections".

The term technical is defined as "immaterial, not affecting substantial rights, without substance." *Black's Law Dictionary* 1312 (5th ed. 1979).

We conclude the legislature intended the change not to affect substantial rights. In order for the change not to affect existing substantial rights created by the wording of the original statute, "may" must be interpreted to mean "shall" as the term was used in the original statute.

Hence, the legislature intended magistrate's court to have exclusive jurisdiction of offenses involving checks in the amount of $100.00 or less occurring prior to the 1979 amendment to § 34-11-90. Since the check in question was for $54.00, the court of general sessions had no jurisdiction over this particular count.

Our interpretation also renders meaning to the differing sentencing provisions of the prior version of the statute. Had the court of general sessions had concurrent jurisdiction over offenses involving $100.00 or less, it would also have had the power to sentence far beyond the amount of the fine and term of confinement accorded magistrate's court for the same offense. We conclude our interpretation of the jurisdictional provisions is, therefore, harmonious with the penalty provisions of the statute.

Accordingly, the order of the trial judge dismissing appellant's application for post conviction relief is reversed and the case remanded with directions to transfer to the magistrate's court for disposition of this count collaterally attacked.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.