STATE of South Carolina, Appellant v. Aaron E. HILL
and Titus L. Huggins, Respondents.

(444 S.E. (2d) 255)

Supreme Court

May 4, 1994.

## ORDER

This is a capital murder case. The state has appealed orders setting bail for each respondent in the amount of $50,000. The State now asks this Court to issue a writ of supersedeas to stay enforcement of these orders or, in the alternative, to issue a common law writ vacating the bail orders. Respondents oppose the State's petition and move to dismiss the State's appeal.

The State may appeal a pretrial order if the order is appealable under S.C. Code Ann. § 14-3-330 (1976 & Supp. 1993). *See State v. McKnight*, 287 S.C. 167, 337 S.E. (2d) 208 (1985) (the State may appeal a pretrial order granting the suppression of evidence which significantly impairs the prosecution of a criminal case). The orders admitting respondents to bail do not involve the merits, nor do the orders affect a substantial right which determines or discontinues the action. *See Mid-State Distributors, Inc. v. Century Importers, Inc.,* — S.C. —, 426 S.E. (2d) 777 (1993); *Ex parte Johnson,* 63 S.C. 205, 41 S.E. 308 (1902). Therefore, the orders are not appealable under § 14-3-330.[1] Accordingly, we grant

---

[1] This Court has already held that a criminal defendant cannot appeal the denial of bail pending trial. *Parsons v. State,* 289 S.C. 542, 347 S.E. (2d) 504 (1986).

respondents' motion and dismiss the State's appeal. This renders moot the State's request for a writ of supersedeas since a writ of supersedeas is only available where there is an appealable order. 4 C.J.S. *Appeal and Error* § 413 (1993).

As an alternative to a writ of supersedeas, the State asks this Court to issue one of the common law remedial writs pursuant to S.C. Const. art. V, § 5. In support of its petition, the State contends that a defendant charged with a capital offense is not entitled to bail and, therefore, the judge erred as a matter of law in admitting respondents to bail. The State's argument is without merit.

South Carolina Const. art. I, § 15 provides, in part, as follows: "All persons shall, before conviction, be bailable by sufficient sureties, but *bail may be denied to persons charged with capital offenses or offenses punishable by life imprisonment, giving due weight to the evidence and to the nature and circumstances of the event. . . .* (emphasis added). "The words of the Constitution are presumed to be used in their ordinary and popular meaning." *State v. Broad River Power Co.*, 177 S.C. 240, 265, 181 S.E. 41, 52 (1935). The word "may" ordinarily "signifies permission and generally means the action spoken of is optional or discretionary." *Robertson v. State*, 276 S.C. 356, 358, 278 S.E. (2d) 770, 771 (1981). Consequently, we hold that the Constitution gives a circuit court judge the discretion to grant bail to a capital defendant.[2]

By treating bail in capital cases differently from bail in other cases, art. I, § 15 of our Constitution recognizes the risks inherent in admitting capital defendants to bail. First, the risk that a defendant may flee in order to avoid prosecution is generally greater in a capital case than in a noncapital case. Second, because of the heinous nature of the offense usually alleged to have been committed in a capital case, the danger posed to the community by the release of a capital defendant is normally substantial. As a result of these risks, the discretion to admit a capital defendant to bail should be

---

[2] This is, of course, a power the Court of General Sessions had under the common law. *State v. Hill*, 5 S.C.L. (3 Brev.) 89, 6 S.C.L. (1 Tread.) 242 (1812). It should be noted that although the Constitution indicates that bail for offenses punishable by life imprisonment may be treated differently, the statutes of this State regarding bail treat all noncapital offenses in the same manner. *See* S.C. Code Ann. §§ 17-15-10 to -260 (1985 & Supp. 1993).

exercised with utmost caution, *State v. Holmes*, 34 S.C.L. (3 Strob.) 272 (1848), and in practice, capital defendants are rarely admitted to bail pending trial.[3]

Further, in our opinion, the Constitution's language "giving due weight to the evidence and to the nature and circumstances of the event" requires a judge admitting a capital defendant to bail to make specific findings in the order explaining both the decision to grant bail and the amount of bond or other security required. In addition to addressing the evidence, nature and circumstances of the alleged crime, the order should address both the "risk of flight" and "danger to community" aspects of granting bail.

In the present case, the circuit judge did not make any specific findings of fact supporting his release of these capital defendants. This was an error of law. Accordingly, we grant a writ of certiorari and reverse the orders admitting respondents to bail, and remand for further proceedings not inconsistent with this order.

Finally, because it may be critical to determining whether the respondents will be admitted to bail, we find it appropriate to address the issue of who bears the burden of persuasion whether a capital defendant should be released on bail prior to trial. In light of the presumption of innocence which is applicable to all criminal defendants prior to conviction, we hold the State bears the burden of persuasion to convince the court not to release a capital defendant on bail. As recently stated by the Supreme Court of Georgia in discussing a statute which makes bail discretionary for defendants charged with murder:

> To protect this presumption of innocence, we hold that the [S]tate has the burden of persuasion in convincing the

---

[3] The nature of this discretionary authority is best summarized by the following:

On the subject of discretionary bail in capital cases, Blackstone's observations are no less pertinent today than they were two hundred years ago. "And herein," he said, "the wisdom of the law is manifest. To allow bail to be taken commonly for such enormous crimes, would greatly tend to elude the public justice; and yet there are cases, though they rarely happen, in which it would be hard and unjust to confine a man in prison, though accused even of the greatest offence." 4 Blackstone, Commentaries (8th ed.) 299.

*Commonwealth v. Baker*, 343 Mass. 162, 168, 177 N.E. (2d) 783, 786 (1961).

... court that a defendant is not entitled to pretrial release. This requirement means the [S]tate has the burden of proving by a preponderance of the evidence that the trial court should deny bail either to secure the defendant's appearance in court or to protect the community.

*Ayala v. State*, 262 Ga. 704, 706, 425 S.E. (2d) 282, 285 (1993). Based on the risks associated with the release of a capital defendant, however, a rebuttable presumption arises that the defendant is not entitled to bail. This presumption, while it does not shift the burden of persuasion, places on the defendant the burden of producing evidence that he or she is not a flight risk and is not a danger to the community. Even when the defendant meets this burden of production, the presumption against bail does not disappear, but still must be weighed along with all the other evidence to determine if release is appropriate.[4] "Depending on the quality of the defendant's evidence, the [S]tate may not need to present any evidence to carry its burden of persuasion." *Ayala v. State*, 262 Ga. at 706, 425 S.E. (2d) at 285.

In conclusion, we dismiss the State's appeal. Additionally, we grant a writ of certiorari, reverse the orders granting bail and remand for further proceedings not inconsistent with this order.

It is so ordered.

/s/ DAVID W. HARWELL, C.J.
/s/ A. LEE CHANDLER, A.J.
/s/ ERNEST A. FINNEY, JR., A.J.
/s/ JEAN H. TOAL, A.J.
/s/ JAMES E. MOORE, A.J.

---

[4] This use of a rebuttable presumption and this allocation of the burdens of persuasion and production are similar to that used for offenses punishable by imprisonment for 10 years or more under the Federal Bail Reform Act, 18 U.S.C.A. §§ 3141 et seq. (West 1985 & Supp. 1993). *See eg. United States v. Rueben*, 974 F. (2d) 580 (5th Cir. 1992), *cert. denied*, — U.S. —, 113 S.Ct. 1336, 122 L.Ed. (2d) 720 (1992); *United States v. Rodriguez*, 950 F. (2d) 85 (2d Cir. 1991); *United States v. Quartermaine*, 913 F. (2d) 910 (11th Cir. 1990). Further, placing the burden of production on the defendant is appropriate because the defendant has greater access to the kinds of evidence which tend to negate the risk of flight and danger to the community. *Ayala v. State, supra.*