528 S.E.2d 77

The STATE, Respondent,

v.

Edmund B. GREGORIE, Petitioner.

No. 25062.

Supreme Court of South Carolina.

Heard Nov. 4, 1999.
Decided Feb. 7, 2000.

Adam Fisher, Jr., of The Fisher Law Firm, of Greenville, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General G. Robert DeLoach, III, all of Columbia; and Solicitor W. Townes Jones, IV, of Greenwood, for respondent.

PER CURIAM:

Petitioner appealed his magistrate's court speeding conviction to the circuit court which reversed and remanded for a new trial, finding the State failed to introduce any evidence of the applicable speed limit. Petitioner then appealed to the Court of Appeals which initially dismissed the appeal, then reinstated it, and ultimately filed an opinion which 2–1 affirmed the circuit court's remand ruling. *State v. Gregorie*, 98–UP–118 (S.C.Ct.App. filed April 8, 1999). This Court granted petitioner's request for a writ of certiorari. We now reverse.

The first issue we address is whether a criminal defendant whose magistrate's court conviction is overturned in circuit court may appeal that decision. The general rule is that a criminal defendant may not appeal "except from the final sentence imposed by the court." *State v. Timmons*, 68 S.C. 258, 47 S.E. 140 (1904). In the present case and in a published opinion, *State v. Clifford*, 335 S.C. 129, 515 S.E.2d 550 (Ct.App.1999), the Court of Appeals has created an exception to this rule, permitting a criminal defendant to appeal a circuit court order remanding his case to magistrate's court for further proceedings if the issue is whether such proceedings would violate the defendant's double jeopardy rights. We note that Judge Huff dissented in *Clifford* on this appealability issue, and that certiorari was not sought in that case. We clarify the appealability rule.

4

■ The 'final sentence' requirement of *State v. Timmons, supra,* and its progeny are met when the criminal defendant is convicted and sentenced in magistrate's court. It is a prerequisite to the right to appeal to the circuit court. Once that court renders its final judgment, the right to further appellate review is controlled by statute: Any aggrieved party may appeal the circuit court's final judgment. S.C.Code Ann. §§ 18–1–30 (1985); 18–9–10 (Supp.1998). The test is not whether the appeal involves a double jeopardy claim as held by the Court of Appeals,[1] but whether the party bringing the appeal is aggrieved. Here, petitioner was aggrieved by the new trial remedy ordered by the circuit court, and thus his appeal was proper.

■ On the merits, the issue is simple. The circuit court found the State failed at trial to meet its burden of proof, and ordered a new trial. The State did not appeal the insufficient evidence finding, and therefore, whether correct or not, it is the law of this case. *See, e.g., ML–Lee Acquisition Fund LP v. Deloitte & Touche,* 327 S.C. 238, 489 S.E.2d 470 (1997). Petitioner contended, correctly, that under these circumstances a second trial in magistrate's court would violate his Double Jeopardy rights. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *see, e.g., Riddle v. State,* 314 S.C. 1, 443 S.E.2d 557 (1994).

For the reasons given above, we clarify the appealability issue, and reverse the Court of Appeal's decision upholding the circuit court order requiring a new trial in this matter.

REVERSED.

---

1. In fact, we have clearly held that a criminal defendant claiming a double jeopardy violation is not exempt from the regular appealability requirements. *State v. Miller,* 289 S.C. 426, 346 S.E.2d 705 (1986).