772 S.E.2d 516

The **STATE**, **Respondent**,

v.

Andrew T. **LOOPER**, **Appellant**.

Appellate Case No. 2012–208627.

No. 5301.

Court of Appeals of South Carolina.

Heard Dec. 8, 2014.

Decided March 4, 2015.

Rehearing Denied June 22, 2015.

J. Falkner Wilkes, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Jennifer Ellis Roberts, both of Columbia, for Respondent.

SHORT, J.

Andrew T. Looper appeals the circuit court's order, which reversed the magistrate court's order dismissing a charge of driving under the influence (DUI). Because we find the order is not immediately appealable, we dismiss the appeal.

Looper moved to dismiss the DUI charge prior to his trial in the magistrate court, arguing evidence, including a videotape of his traffic stop, should be suppressed. The magistrate court suppressed the evidence and dismissed the charge. The State appealed the magistrate court's order to the circuit court. In a Form Four order, the circuit court reversed the magistrate court's order, stating, "Magistrate's Order granting Defendant's Motion to Suppress was in error and accordingly Defendant's Motion to Suppress was in error. This decision is reversed and remanded for further proceedings." The circuit court denied Looper's motion to reconsider. This appeal followed.

Looper argues the circuit court's order is appealable because he was aggrieved by the order. We disagree.

"The right to appeal a criminal conviction is conferred by section 14-3-330 of the South Carolina Code [ (1977 & Supp. 2014) ]." *State v. Isaac*, 405 S.C. 177, 181, 747 S.E.2d 677, 679 (2013). Our supreme court "has held that, generally, a criminal defendant may not appeal until sentence is imposed." *Id.* at 183, 747 S.E.2d at 680. However, in *State v. Gregorie*, our

supreme court found that once an appeal is properly before the circuit court and the circuit court "renders its final judgment, the right to further appellate review is controlled by statute: Any aggrieved party may appeal the circuit court's final judgment." 339 S.C. 2, 4, 528 S.E.2d 77, 78 (2000) (citing S.C.Code Ann. § 18–1–30 [ (2014) ] & S.C.Code Ann. § 18–9–10 [ (2014) ] ). The court explained the test is whether the party appealing from the circuit court "is aggrieved." *Id.*

In *Gregorie,* the defendant was convicted in the magistrate court for speeding, and he appealed to the circuit court. *Id.* at 3, 528 S.E.2d at 78. The circuit court reversed the conviction and remanded to the magistrate court for a new trial, finding the State failed to offer evidence of the applicable speed limit. *Id.* In reviewing the defendant's right to appeal the circuit court's order, the supreme court held that the exception created by this court, "permitting a criminal defendant to appeal a circuit court order remanding his case to magistrate's court for further proceedings if the issue is whether such proceedings would violate the defendant's double jeopardy clause," was not the test in determining appealability. *Id.* Rather, the issue is "whether the party bringing the appeal is aggrieved." *Id.* at 4, 528 S.E.2d at 78. The court further stated:

> On the merits, the issue is simple. The circuit court found the State failed at trial to meet its burden of proof, and ordered a new trial. The State did not appeal the insufficient evidence finding, and therefore, whether correct or not, it is the law of this case. Petitioner contended, correctly, that under these circumstances a second trial in magistrate's court would violate his Double Jeopardy rights.

*Id.* (citation omitted). Thus, because a new trial would have violated Gregorie's double jeopardy rights, he was aggrieved. *Id.*

Looper has not been convicted and is not similarly aggrieved; therefore, we examine the definition of "aggrieved." In *Cisson v. McWhorter,* 255 S.C. 174, 178, 177 S.E.2d 603, 605 (1970)(quoting *Bivens v. Knight,* 254 S.C. 10, 13, 173 S.E.2d 150, 152 (1970)), our supreme court stated:

> The issue of who is a party aggrieved is not one of first impression for our court.... "[W]e [have] held that an aggrieved party is one who is injured in a legal sense; one

who has suffered an injury to person or property. A good definition of an aggrieved party is contained in the case of *Bowles v. Dannin*, 62 R.I. 36, 2 A.2d 892 [(1938)]. It is there stated that an aggrieved party within [the] statute relating to appeals is a person who is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest, the word aggrieved referring to a substantial grievance, a denial of some personal or property right or the imposition on a party of a burden or obligation."

We do not find Looper has suffered an injury; therefore, we find Looper is not aggrieved. We analogize the order in this case to an order denying a motion to suppress evidence, which is an interlocutory order that is not immediately appealable. *See State v. Hubbard*, 277 S.C. 568, 569, 290 S.E.2d 817, 817 (1982) (finding the appeal from the denial of a motion to suppress evidence is interlocutory); *see also State v. Isaac*, 405 S.C. 177, 184, 747 S.E.2d 677, 680 (2013) (analogizing the denial of a request for immunity under the Protection of Persons and Property Act to the denial of a motion to dismiss a criminal case on the ground of double jeopardy and finding it not immediately appealable). Accordingly, Looper's appeal is

**DISMISSED.**

HUFF and KONDUROS, JJ., concur.