# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Andrew T. Looper, Petitioner.

Appellate Case No. 2015-001493

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Greenville County
Letitia H. Verdin, Circuit Court Judge

---

Opinion No. 27746
Heard June 15, 2017 – Filed November 8, 2017

---

## AFFIRMED AS MODIFIED

---

J. Falkner Wilkes and Steve W. Sumner, both of
Greenville, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney
General Jennifer Ellis Roberts, both of Columbia, for
Respondent.

---

**JUSTICE KITTREDGE:** Petitioner Andrew T. Looper challenges the court of
appeals' dismissal of his appeal from an interlocutory circuit court order. We
affirm as modified, and in doing so clarify our rules regarding appealability.

## I.

Petitioner was charged with driving under the influence (DUI) after being pulled over by a Greenville County Sheriff's Deputy for speeding. At a pretrial hearing before a magistrate, Petitioner moved to suppress evidence of field sobriety tests and breath analysis, arguing they were the fruits of an unconstitutionally prolonged traffic stop. The magistrate granted Petitioner's motion to suppress the evidence and dismissed the DUI charge.

The State appealed to the circuit court.[1] The circuit court held the magistrate erred in granting Petitioner's motion and reversed and remanded for further proceedings.

Thereafter, Petitioner appealed to the court of appeals, which analogized the circuit court's order to an interlocutory order denying a motion to suppress evidence. *State v. Looper*, 412 S.C. 363, 366, 772 S.E.2d 516, 517 (Ct. App. 2015). The court of appeals therefore dismissed the appeal, finding Petitioner was not "aggrieved" in a legal sense because he had not been convicted and sentenced. *Id.* at 365–66, 772 S.E.2d at 517.

We issued a writ of certiorari to review the court of appeals' decision.

## II.

Petitioner now argues the court of appeals erred by concluding that, because he had not been convicted below, he was not aggrieved and not entitled to appeal the circuit court's decision. We disagree, and we take this opportunity to clarify our appealability jurisprudence.

---

[1] An appeal from a magistrate's court is to "the circuit court of the county where the judgment was rendered." Rule 18(a), SCRMC.

**A.**

In South Carolina, the State may immediately appeal an interlocutory order "granting the suppression of evidence which significantly impairs the prosecution of a criminal case." *State v. McKnight*, 287 S.C. 167, 168, 337 S.E.2d 208, 209 (1985); *see* S.C. Code Ann. § 14-3-330(2)(a) (2017) (giving the Court appellate jurisdiction to review an intermediate order that "in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action"). In contrast, typically "a criminal defendant may not appeal 'except from the final sentence imposed by the court.'" *State v. Gregorie*, 339 S.C. 2, 3, 528 S.E.2d 77, 78 (2000) (quoting *State v. Timmons*, 68 S.C. 258, 259, 47 S.E. 140, 141 (1904)); *see also State v. Miller*, 289 S.C. 426, 426, 346 S.E.2d 705, 705 (1986) ("In South Carolina, a criminal defendant may not appeal until sentence has been imposed.").

In *Gregorie*, we held that once an appeal has been taken to the circuit court and "that court renders its final judgment, the right to further appellate review is controlled by statute: Any aggrieved party may appeal the circuit court's final judgment." 339 S.C. at 4, 528 S.E.2d at 78; *see* S.C. Code Ann. § 18-1-30 (2014) ("Any party aggrieved may appeal in the cases prescribed in this title."); *id.* § 18-9-10 (2014) (providing for appeals to this Court or the court of appeals in cases that are appealed pursuant to section 14-3-330).

"'[A]n aggrieved party is one who is injured in a legal sense or has suffered an injury to person or property.'" *State v. Rearick*, 417 S.C. 391, 398 n.9, 790 S.E.2d 192, 196 n.9 (2016) (alteration in original) (quoting *State v. Cox*, 328 S.C. 371, 373, 492 S.E.2d 399, 400 (Ct. App. 1997)), *cert. denied*, 137 S. Ct. 1582 (2017). "A final judgment disposes of the whole subject matter of the action or terminates the particular proceeding or action, leaving nothing to be done but to enforce by execution what has been determined." *Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envtl. Control*, 387 S.C. 265, 267, 692 S.E.2d 894, 895 (2010).

**B.**

Relying on *Gregorie*, Petitioner contends that once the appellate process was properly begun by the State, it could be continued by any party that received an adverse decision from the reviewing court. Therefore, because the circuit court ruled against him, Petitioner argues he was entitled to an immediate appeal.

While the result in *Gregorie* is correct, the language in the opinion can be parsed in a manner that is at odds with our well-established appealability rules. That language, which Petitioner understandably focuses on, suggests that the test for appealability is "whether the party bringing the appeal is aggrieved." *Gregorie*, 339 S.C. at 4, 528 S.E.2d at 78. We acknowledge that this language may be read to suggest that being aggrieved is the only requirement to appeal from a circuit court's order. However, understood in context, we do not view *Gregorie* as a departure from the general requirements for appealability: being aggrieved *by a final judgment*. This is so because Gregorie had been convicted and sentenced, and under the facts and procedural posture of that case, any retrial was barred by double jeopardy as a matter of law, rendering the order of the circuit court effectively a final judgment by which Gregorie was unquestionably aggrieved. *See id.* at 3–4, 528 S.E.2d at 78. Thus, the twin pillars of appealability, *aggrieved* and *a final judgment*, were present.

Here, in contrast, as the court of appeals noted, Petitioner has not been convicted and sentenced. *See Looper*, 412 S.C. at 365, 772 S.E.2d at 517. We, of course, take no exception to the notion that Petitioner was adversely impacted by the circuit court's order remanding the case for trial, but he was not aggrieved in a legal sense. *Cf. Shields v. Martin Marietta Corp.*, 303 S.C. 469, 470, 402 S.E.2d 482, 483 (1991) ("Avoidance of trial is not a 'substantial right' entitling a party to immediate appeal of an interlocutory order."). Moreover, because the circuit court's order did not purport to determine Petitioner's guilt or impose any sentence on him, it was not a final judgment. *Cf. State v. Isaac*, 405 S.C. 177, 182–83, 187, 747 S.E.2d 677, 679–80, 682 (2013) (construing the denial of an immunity request pursuant to the Protection of Persons and Property Act and dismissing an appeal on the basis that "an order denying a request for immunity is not a final order in the case" and recognizing that "[t]his Court has held that, generally, a criminal defendant may not appeal until sentence is imposed" (emphasis removed)).

Relying on selected language in *Gregorie*, Petitioner additionally advances section 18-1-30 of the South Carolina Code as a standalone basis in support of his purported right to appeal the circuit court's order.[2] Section 18-1-30 provides, "Any party aggrieved may appeal in the cases prescribed in this title." S.C. Code Ann.

---

[2] *See Gregorie*, 339 S.C. at 4, 528 S.E.2d at 78 ("Once th[e] [circuit] court renders its final judgment, the right to further appellate review is controlled by statute: Any aggrieved party may appeal the circuit court's final judgment.").

§ 18-1-30. However, this statute cannot be construed in isolation to permit an appeal as a matter of right on the sole basis of being aggrieved. Indeed, this is self-evident from the statute's reference to "the cases prescribed in this title." *Id.* Elsewhere in title 18, section 18-1-10 expressly references "the mode [of reviewing a judgment or order] prescribed for particular matters in Titles 14, 15, and 17 [of the South Carolina Code]." *Id.* § 18-1-10 (2014). And section 18-9-10 specifically refers to appeals brought pursuant to section 14-3-330. *Id.* § 18-9-10. Naturally, then, courts frequently turn to section 14-3-330 in analyzing whether an interlocutory order may be appealed.[3] *See, e.g.*, *Brown v. County of Berkeley*, 366 S.C. 354, 361–62, 622 S.E.2d 533, 537–38 (2005) (reviewing the denial of a motion to dismiss and finding it not immediately appealable).

Whether based on statute or case law, the overarching point remains—absent the presence of an exception to the final judgment rule, appealability is determined by a final judgment and an aggrieved party. *See also* Rule 201, SCACR ("Appeal may be taken, as provided by law, from any final judgment, appealable order[,] or decision. . . . Only a party aggrieved by an order, judgment, sentence[,] or decision may appeal."). As noted, in the criminal context, a judgment is final when sentence is imposed. *See, e.g.*, *Gregorie*, 339 S.C. at 4, 528 S.E.2d at 78. As Petitioner has not been convicted and sentenced, there has been no final judgment, and as no exception to the requirement of a final judgment is applicable under the facts of this case, Petitioner's appeal is premature and must be dismissed.

### III.

To the extent *Gregorie* may be read to imply that any party aggrieved by an order of the circuit court is entitled to appeal, it is hereby modified. We reiterate that a party may appeal from a decision not amounting to a final judgment only where provided by statute. *See Ex parte Wilson*, 367 S.C. 7, 13, 625 S.E.2d 205, 208 (2005) ("Absent some specialized statute, the immediate appealability of an interlocutory or intermediate order depends on whether the order falls within [section] 14-3-330."). We therefore affirm as modified the court of appeals' dismissal of Petitioner's appeal.[4]

---

[3] Petitioner makes no argument that section 14-3-330 authorizes his appeal from the order of the circuit court.

[4] If Petitioner is convicted and sentenced in the magistrate's court, he may then challenge on appeal the circuit court's reversal of the magistrate's order suppressing

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., HEARN, FEW and JAMES, JJ., concur**

---

evidence and dismissing the charge.