**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ryan Lenard Manigo, Appellant.

Appellate Case No. 2024-001818

———————

Appeal From Colleton County
Robert J. Bonds, Circuit Court Judge

———————

Opinion No. 6149
Submitted May 1, 2026 – Filed June 24, 2026

———————

**DISMISSED**

———————

Chief Attorney S. Boyd Young and Capital Defender
Robert Louis Bank, Jr., both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, and Senior
Assistant Deputy Attorney General Melody Jane Brown,
of Columbia, and Solicitor Isaac McDuffie Stone, of
Bluffton, all for Respondent.

———————

**THOMAS, J.:** Ryan Lenard Manigo is a pretrial detainee currently being held in the Colleton County Detention Center. Manigo was arrested on July 2, 2023, and charged with five counts of murder, arson first degree, two counts of criminal sexual conduct first degree, two counts of criminal sexual conduct with a minor, two counts of kidnapping, six counts of possession of a deadly weapon in the commission of a violent crime, burglary first degree, attempted murder, and incest.

The charges remain pending.  Following the media's release of Manigo's jail telephone calls, he appealed, arguing the circuit court erred in failing to find that: (1) pretrial detainee telephone calls are not subject to the Freedom of Information Act (FOIA); (2) the release of pretrial detainee telephone calls violates the pretrial detainee's Federal and State Constitutional rights; (3) FOIA's statutory exemptions prevent the release of pretrial detainee telephone calls; and (4) the release of pretrial detainee telephone calls violates public policy.  We dismiss Manigo's appeal because the circuit court's order is not immediately appealable.[1]

We hold the circuit court's order allowing the release of the pretrial telephone calls is an interlocutory order that is not immediately appealable.  "[An a]ppeal may be taken, as provided by law, from any final judgment, appealable order or decision." Rule 201(a), SCACR.  "An appeal in a criminal case must attend the final judgment rendered on the indictment."  *State v. Hubbard*, 277 S.C. 568, 569, 290 S.E.2d 817, 817 (1982); *see also State v. Miller*, 289 S.C. 426, 426, 346 S.E.2d 705, 705 (1986) ("In South Carolina, a criminal defendant may not appeal until sentence has been imposed.").  An interlocutory order is "[a]n order that relates to some intermediate matter in the case; any order other than a final order." *Brown v. Se. Servs., H.H.I., LLC*, 446 S.C. 105, 112, 917 S.E.2d 925, 928 (Ct. App. 2025), *reh'g denied* (June 27, 2025), *cert. denied* (Nov. 18, 2025) (internal citation omitted).  An interlocutory order is not immediately appealable unless it involves the merits of the case or affects a substantial right.  S.C. Code Ann. § 14-3-330 (2017).  Although finality is a general requirement of appealability, there are certain interlocutory orders that are immediately appealable.  *See Ex parte Wilson*, 367 S.C. 7, 13, 625 S.E.2d 205, 208 (2005) ("Absent some specialized statute, the immediate appealability of an interlocutory or intermediate order depends on whether the order falls within [section] 14-3-330.").  Our appellate courts have jurisdiction to review:

> (1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final

---

[1] By virtue of this dismissal, we decline to rule on the merits of the outstanding motions in this appeal.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address the remaining issues where a prior issue was dispositive).

judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;

(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action;

(3) A final order affecting a substantial right made in any special proceeding or upon a summary application in any action after judgment; and

(4) An interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver.

§ 14-3-330. "The provisions of section 14-3-330 . . . have been narrowly construed, and the immediate appeal of orders issued before or during trial generally has not been permitted." *State v. Wilson*, 387 S.C. 597, 601, 693 S.E.2d 923, 925 (2010). South Carolina law has long held that a criminal defendant may not appeal until a conviction and sentence have been rendered. *See State v. Looper*, 421 S.C. 384, 389, 807 S.E.2d 203, 205–06 (2017) (dismissing a criminal defendant's appeal prior to conviction and sentencing as premature because the circuit court's order did not purport to determine guilt or impose any sentence on the defendant; therefore, it was not a final judgment); *State v. Hill*, 314 S.C. 330, 331, 444 S.E.2d 255, 256 (1994) (finding orders setting bail for each defendant in a capital murder case were not appealable by the State because they "do not involve the merits, nor do the orders affect a substantial right which determines or discontinues the action"); *In re Lorenzo B.,* 307 S.C. 439, 439, 415 S.E.2d 795, 795 (1992) (holding an order adjudicating a juvenile delinquent is not appealable until imposition of final judgment at the dispositional hearing); *Parsons v. State*, 289 S.C. 542, 542, 347 S.E.2d 504, 504 (1986) (holding denial of bail pending trial is not immediately appealable); *State v. Washington*, 285 S.C. 457, 458, 330 S.E.2d 289, 289 (1985) (noting a conviction at a trial in absentia prior to imposition of sentence is not immediately appealable); *Hubbard*, 277 S.C. at 569, 290 S.E.2d at

817 (holding the denial of a motion to suppress evidence is not immediately appealable).

We do not see how Manigo can prove that any error by the circuit court resulted in prejudice to him as he has not yet been tried, convicted, or sentenced. *See State v. Black*, 400 S.C. 10, 16–17, 732 S.E.2d 880, 884 (2012) ("To warrant reversal, an error must result in prejudice to the appealing party."). Manigo argues his rights to privacy, a fair trial, equal protection, and due process have been violated by the media's release of his calls. However, pretrial publicity does not automatically prejudice a criminal defendant, and he is afforded other avenues to protect his right to an impartial jury such as a motion to change venue or specific voir dire questions. This court recognized this in its May 5, 2025, order when it found Manigo would not "suffer irreparable harm or a miscarriage of justice due to the release of the recordings." While pretrial publicity may prejudice a criminal defendant in South Carolina, our courts require evidence of actual juror bias rather than presuming prejudice from media exposure alone, with adequate voir dire examination serving as the primary safeguard against potential prejudice. *State v. Kelsey*, 331 S.C. 50, 67–68, 502 S.E.2d 63, 72 (1998) (finding it is the defendant's burden to demonstrate actual juror prejudice because of news accounts of the case); *State v. Owens*, 293 S.C. 161, 167, 359 S.E.2d 275, 278 (1987) ("[A defendant's] mere assertion that the jurors could have been subconsciously affected by . . . media exposure is insufficient to show prejudice."). Further, even before the calls were released, there was significant media publicity based solely on the sensational allegations of the crime. As an additional consideration, the release of the telephone calls may be rendered moot by the time trial comes. There is no guarantee at this juncture that the calls will be used as evidence at trial. The calls may be introduced at trial, and at that time, a review of their admissibility would be proper. *State v. Mueller*, 319 S.C. 266, 268, 460 S.E.2d 409, 410 (Ct. App. 1995) (holding that pretrial motions are generally not final orders because "the evidence developed during trial may warrant a change in the ruling").[2]

**DISMISSED.**[3]

---

[2] There is a scenario in which a pretrial order in a criminal case may be appealed prior to final judgment; however, that is not applicable here. The State may appeal some orders before final judgment. "A pre-trial order granting the suppression of evidence which significantly impairs the prosecution of a criminal case is directly appealable under . . . § 14-3-330(2)(a)." *State v. McKnight*, 287 S.C. 167, 168, 337 S.E.2d 208, 209 (1985).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

**MCDONALD and TURNER, JJ., concur.**